## MUIR v. BLAKE ET AL.

1. **Chattel Mortgage**: UPON CROPS TO BE GROWN: VALIDITY OF. Whether a chattel mortgage, upon crops to be planted or grown by the mortgagor in the future, is valid, as against the creditors of the mortgagor, *quære.*

2. ——: ——: INDEFINITE DESCRIPTION OF MORTGAGED PROPERTY. Where the description of the property mortgaged was "all the crops raised by me in any part of Jones county for the term of three years," it is too indefinite and uncertain to charge third persons with notice of the mortgage.

*Appeal from Jones District Court.*

WEDNESDAY, MARCH 22.

ON the 15th day of January, 1879, James Crawford was in possession of certain improved land in Jones county, and on that day he executed to the plaintiff herein a chattel mortgage, that part thereof descriptive of the mortgaged property being as follows: " All the crops raised by me in any part of Jones county for the term of three years  *  *  *  ." The mortgage was recorded January 19, 1879. In the year 1879 Crawford raised a crop of corn on the premises of which he was in possession at the time of the execution of the mortgage, and in September, 1879, while he was still in possession, the defendant, Blake, who was at that time a judgment creditor of Crawford, caused an execution to issue upon his judgment and a levy thereof to be made upon the growing corn. The officer who made the levy required an idemnifying bond to be given him by Blake, and the defendant Crane became surety thereon. The officer sold the corn, and this action was brought upon the indemnifying bond to recover the value of the corn. Upon a trial to the court judgment was rendered for the plaintiff, and the defendant appeals.

*Welch & Welch,* for appellants.

*Herrick & Doxsee,* for appellee.

ROTHROCK, J.—I. This case was submitted at a former term, and an opinion was filed affirming the judgment of the court below. A petition for rehearing was granted, upon which the cause has been more fully argued than it was at its first submission. After a thorough examination of the case in the light of the re-argument, we have reached a conclusion different from that heretofore announced.

In considering the case we will confine ourselves to the one question, as to the validity of this mortgage between the mortgagee and a creditor of the mortgagor. Whether or not it would be a valid and binding instrument between the parties to it, we need not consider, simply because the question is not presented by the facts in the case.

Nor will we now consider the question as to what crops, whether those which had been raised in Jones county, or those to be raised after the execution of the mortgage, are referred to therein. The plain meaning of the language above quoted from the mortgage, when taken in connection with the other provisions therein, is that it refers to crops to be raised thereafter.

Two questions are presented by counsel. The first is whether a mortgage is valid as against the creditors of the mortgagor 1. CHATTEL upon crops to be planted and grown. In *Scharf-*mortgage: upon crops to *enburg v. Bishop*, 35 Iowa, 66, the mortgage was be grown: validity of. upon all the stock in trade of the mortgagor, and it contained this clause: "including any and all fixtures and stock now, or hereafter, kept in my said leather business, in the city of Keokuk, Lee county, and State of Iowa." The mortgagee placed the mortgage in the hands of the sheriff for foreclosure, who took possession of the stock in trade, including that which had been added after the mortgage was made, and a compromise was made between the mortgagor and mortgagee by which the latter took possession of all the property and credited the former with the agreed value. Afterwards other creditors attached the property in the hands of the mortgagee

and claimed that the mortgage, in so far as it covered after acquired property, was void. It was held that a mortgage which included property afterwards to be acquired was a valid and binding instrument. The same rule was recognized in *Brown v. Allen*, Id., 306; and in *Stephens v. Pence*, 56 Iowa, 257, the case of *Scharfenburg v. Bishop* was followed, the case being a controversy between the mortgagee and an execution creditor of the mortgagor's. In *Fejavary v. Broesch*, 52 Iowa, 88, it was held that where there was a lease of a farm for six years, a stipulation therein that rents due and to become due under the lease should be a perpetual lien on any and all crops raised on the farm \* \* \* "whether the same be exempt from execution or not," was valid between the parties. The rights of creditors were in no way involved in the controversy.

It is to be admitted that the rule that property not in being may be the subject of a valid mortgage is opposed to the rule of the common law. *Scharfenburg v. Bishop, supra;* Herman on Chattel Mortgages, 86, and cases cited. And it will be observed that this court is not committed to the doctrine that a mortgage upon a crop to be planted and grown is valid as against the creditors of the mortgagors.

Whether or not there is any difference in principle between a mortgage upon crops to be planted and grown upon specific land, and the additions made to the stock of a merchant is a question somewhat discussed by counsel for appellant. It is claimed that in the former the property has no potential being or existence, while in the latter the additions to a stock of goods are merely accretions or incidents to the principal thing included in the mortgage. It is difficult to draw a clear or well-marked distinction. It is true it may be said that a stock of goods is in the nature of a continuing entity, though the articles composing the stock may change, while in case of a future crop, although the land has an existence, the crop has none, and the land not being mortgaged, there is much force in favor of applying the ancient rule that the grant of a thing

not in being is void. But we have no occasion to determine this question in this case, simply because we think it does not necessarily lie in our pathway in determining the rights of the parties:

II. The next question is whether the description of the mortgaged property is sufficient to charge third persons with notice of the mortgage. In *Smith & Co. v. McLean*, 24 Iowa, 322, it is said that a description of property in a chattel mortgage is sufficient if it is such as to "enable third parties, aided by inquiries, which the instrument itself indicates and directs, to identify the property covered by it." See, also, *Yant v. Harvey*, 55 Iowa, 421. It will be observed that in all the cases cited in *Smith & Co. v. McLean*, where the description was held sufficient, the locus of the property was described in such way that the instrument itself indicated where the property might be found by inquiry, such as all the "tools and chattels belonging to the mortgagor in and about a shop occupied by him," and all the property "now in the shop owned by me," and the like.

*2. ——: ——: indefinite description.*

The mortgage which is in controversy in this action falls far short of any description to which our attention has been called. The mortgage itself does not suggest where the property may be found in Jones county. Whether upon premises owned or occupied, or in the possession of the mortgagor or any other named person. "All the crops raised by me in any part of Jones county for the term of three years," is a roving description, with nothing in the way of identification to suggest inquiry where the crops may be found, except the body of the county. One crop may be in one place in the county for one year in the three, and another place for another year, or there may be crops in different parts of the county for the same year, and all would be covered by this mortgage, if the description be held sufficient. A chattel mortgage ought not to be a drag-net covering a whole county in any such general terms. Upon the subject of indefinite and uncertain descrip-

tions of property in a chattel mortgage, see *Pennington v. Jones*, decided by this court at last term, *ante*, p. 37.

These views lead us to the conclusion that the judgment of the court below should be

REVERSED.