[Civ. No. 391.   First Appellate District.—November 5, 1908.]

## THE JOHN BREUNER COMPANY, a Corporation, Respondent, v. SARA L. KING, Appellant.

CHATTEL MORTGAGE—FORECLOSURE—SUFFICIENCY OF DESCRIPTION BE-TWEEN PARTIES.—As between the parties to a chattel mortgage sought to be foreclosed, it is only necessary that the description of the chattels therein shall be sufficient to identify them with a reasonable degree of certainty as subject to the lien thereof; and a description of the mortgaged chattels as "All the furniture, upholstery, carpets, draperies, chinaware, and other household goods of every kind," contained in a specified building definitely described and located, is amply sufficient to identify them, where no rights of third parties are involved.

ID.—GOODS LOCATED IN APARTMENT HOUSE—DEFENSE OF MISREPRESEN-TATION AS TO PROFITS—EVIDENCE—SOURCE OF PAYMENTS MADE.—Where the goods were located in an apartment house, and defendant undertook to assume the mortgage, and interposed a defense that plaintiff misrepresented the profits of the business, and claimed that it was conducted at a loss, and had testified to the income and expenses of the business, the court properly excluded evidence to show the sources of payments made on the note, as not tending to strengthen the defense.

ID.—REBUTTAL—LETTER SHOWING WISH TO REMAIN.—The court properly allowed evidence, in rebuttal of the defense, of part of a letter written to plaintiff by defendant, to the effect that, after being in possession of the apartment for nearly two months, she did not desire to give it up.

ID.—REMAINDER OF LETTER NOT RELEVANT.—Where the remainder of the letter was not relevant to any issue in the case, the court properly rejected it.

ID.—RULING ON EVIDENCE CURED BY SUBSEQUENT PROOF.—The question whether the rejection of evidence was erroneous becomes immaterial when any error therein is cured by subsequent proof.

ID.—COST OF FURNITURE—BOOKS OF PLAINTIFF.—Where there is no allegation in the answer that there was any misrepresentation as to the value of the furniture, its original cost is immaterial, and the defendant was not entitled to put in evidence the books of the plaintiff to show the original cost of the furniture.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Curtis Hillyer, for Appellant.

Rigby & Rigby, and Chas. K. Harper, for Respondent.

KERRIGAN, J.—This is an action to foreclose a chattel mortgage given by defendant to plaintiff. The case was tried before an advisory jury, a decision was rendered in favor of plaintiff, and a decree of foreclosure was entered. From the judgment and from an order denying her motion for a new trial the defendant prosecutes this appeal.

Appellant urges that the court erred in not sustaining her demurrer to the complaint, on the ground that the complaint is uncertain in that it fails to sufficiently describe the property, either in the body of the complaint or in a copy of the mortgage attached thereto as an exhibit and made a part thereof. We cannot agree with this contention. A description of the chattels mortgaged is contained both in the complaint and in the mortgage, and is in the following terms: "All the furniture, upholstery, carpets, draperies, chinaware and other household goods of every kind, located and contained in and about that certain building, in said City and County of San Francisco, known as the 'Haddon Hall Apartment House,' and also known as No. 951 Eddy street, said building being situated on the lot on the south side of Eddy street, 68 feet 9 inch front, 120 feet deep, and commencing.

137½ feet easterly from the southeast corner of Gough and
Eddy streets.'' This description shows where the property
was located, and that it was all of a certain kind of prop-
erty, and not that it was an indefinite part of it, which was in
the building at the time the mortgage was executed. Under
the authorities the description is ample—especially as this ac-
tion is between the parties to the mortgage. (Jones on Chat-
tel Mortgages, 5th ed., sec. 53 et seq.; 6 Cyc., p. 1022 et seq.)

· The rule as to the description of personal property in chat-
tel mortgages is thus stated in Cyc., *supra:* ''As against third
persons the mortgage must point out the subject matter so
that the third person may identify the property covered, by
the aid of such inquiries as the instrument itself suggests.
But between the parties it is only necessary to identify the
chattels so that the mortgagee may say with a reasonable de-
gree of certainty what property is subject to his lien.''

The court committed no error in refusing to permit appel-
lant to testify as to the source of the payments which she
made on account of the note. Appellant in her answer alleged
that respondent had misrepresented to her that the business
conducted at Haddon Hall, an apartment house, in which this
property was installed, had been when filled conducted at a
profit of $600 per month, which amount, she claims, would
have been sufficient to enable her to discharge the obligation
assumed by her. It had already appeared that the appellant
had made three payments on account of the principal of her
indebtedness. The object of the question was doubtless, as
claimed, to show that the alleged representations were false,
and that the business was conducted at a loss. But the wit-
ness had already testified directly to this effect, by showing
the income and expenses of the business; and it is very ques-
tionable if this testimony would have been strengthened by
showing the sources from which the witness obtained the
money with which to make the payments in question. Indeed,
it can hardly be said that there is any legitimate inference
that a given business is unprofitable from the fact that funds
are obtained elsewhere to meet notes given in payment of
property used in such business.

No error was committed by the trial court with reference to
the letter of appellant, the first part of which was admitted in
evidence, being to the effect that after being in possession of

Haddon Hall for nearly two months appellant did not desire to give it up. This evidence tended to disprove the alleged false representations as to the income and profit of the house, and was therefore admissible. On redirect examination appellant sought, so she claims, to introduce the remainder of the letter on the theory that, part of the letter having been admitted in evidence, she was entitled, under section 1854, Code of Civil Procedure, to have the entire letter go in.

At this point there is some confusion in the record, and it really does not show that the remainder of the letter was offered in evidence; but assuming that it was, yet inasmuch as it is not explanatory of the part admitted, and was not relevant to any issue in the case, the court was right in rejecting it. In this connection appellant was asked by her counsel a question calling for the circumstances under which the letter was written, to which question the court sustained an objection. Whether or not this ruling was error is immaterial, because subsequently the witness fully answered the question, and stated the circumstances under which the letter was written.

Appellant further claims that the court should have admitted in evidence the books of the respondent, offered by appellant, to show the original cost of the furniture. It is not one of the allegations of the answer that there were any misrepresentations made as to the value of the furniture; therefore the contents of the books on this point were immaterial.

The evidence is sufficient to support the decision. The record discloses no error, and the judgment and order should be affirmed, and it is so ordered.

Hall, J., and Cooper, P. J., concurred.