[Civ. No. 3080.   Second Appellate District, Division Two.—February 24, 1921.]

W. A. McCORMICK, Respondent, v. FARMERS GRAIN AND MILLING COMPANY (a Corporation), et al., Appellants.

[1] Chattel Mortgage—Growing Crop—Certainty of Description. A mortgage of a crop of corn designating it as "now being, standing and growing" upon a described parcel of land is not ineffective for uncertainty of description, and is good as to corn in the ground but does not cover corn planted after the execution of the mortgage.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

Benjamin W. Shipman, John A. Berry, and Henry O. Wackerbarth for Appellants.

B. C. Nichols for Respondent.

WORKS, J.—This is an appeal by the defendants from a money judgment. On or about January 13, 1917, the respondent leased to one Beretta a certain tract of land and took from him a crop mortgage as security for the payment of the rent provided for in the lease. The instrument was recorded February 10, 1917. By its terms the mortgage covered "the following growing crops, viz., the crop of barley hay and/or grain and the crop of corn to be grown now being, standing and growing upon that certain piece or parcel of land," particularly describing the demised premises. On or about June 29, 1917, Beretta sold to the appellant Farmers Grain and Milling Company, which had no actual notice of the mortgage to the respondent, a crop of milo maize to be matured on the leased land, agreeing to make delivery on or about November 20, 1917. On that day he refused to deliver and the Farmers Company brought a claim and delivery action to recover the crop. Acting

---

1. Sufficiency of description on sale or mortgage of future and growing crops, notes, 23 L. R. A. 458; L. R. A. 1917C, 22.

under process, the appellant sheriff took possession of the maize December 5, 1917. The respondent made a third party claim to the property, the appellant Farmers Grain and Milling Company gave bond to secure the officer against the claim, and the respondent commenced the present action as upon a conversion, on April 24, 1918. Judgment was rendered in favor of the respondent for the value of the maize.

A goodly portion of the briefs of the respective parties is devoted to a discussion of the question whether a crop mortgage, in order to be effective, must describe the crop sought to be hypothecated by a mention of the year, or the season of the year, or some definite period of time, during which it is to be grown. The appellants contend that the mortgage now before us is uncertain in that it does not fix such a period of time in its description of crops, and they cite several Iowa cases, headed by *Pennington* v. *Jones*, 57 Iowa, 37, [10 N. W. 274], in support of their contention. We need not pursue those cases and may concede that the fixing of a time during which a given crop is to be raised would ordinarily be a satisfactory method of so describing it as that constructive notice as to the crop intended would thereby be conveyed to the world, but we cannot go further. It is futile to assert that a crop can in no other manner be designated in a mortgage. "The description of a crop is sufficient if it be such that a prudent, disinterested person, aided and directed by such inquiries as the instrument itself suggest, is able to identify the property" (11 Corpus Juris, 468); and one of the cases cited by appellant (*Luce* v. *Moorehead*, 73 Iowa, 498, [5 Am. St. Rep. 695, 35 N. W. 598]) is authority for the just rule that a mortgage designating "all crops growing" is good as to crops in the ground when the instrument is executed. This rule is in effect supported by *Hall* v. *Glass*, 123 Cal. 500, [69 Am. St. Rep. 77, 56 Pac. 336], at least as against the extreme contention of appellant.

[1] The description of the corn intended to be mortgaged by the instrument involved in this action is to be read as if it were phrased, "the crop of corn to be matured which is now being, standing and growing" upon the land. The mortgage is not ineffective for uncertainty of description, for, within the rule of *Luce* v. *Moorehead, supra,* it is

plainly good as to corn in the ground, if there was any such, at the time of its execution. The description clearly satisfies, also, the rule we have quoted from Corpus Juris. The question now arises, however, as to whether the crop of milo maize seized by the appellant sheriff was "being, standing and growing" on the land at the time of the execution of the mortgage. As incidental to their presentation of the point that a crop mortgage must fix a period of time during which the crop is to be grown, the appellants remark that the corn taken by the sheriff was not under the lien of the mortgage because it was not planted until after the execution of the instrument. The respondent makes no comment upon this fugitive suggestion of the appellants and we might assume from that fact that the corn seized was not in the ground until after the mortgage was made; but we have examined the record and have ascertained as well from the undisputed evidence that it had not then been planted. This being so, it is manifest that the corn taken by the sheriff was not covered by respondent's mortgage.

The judgment is reversed.

Finlayson, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 24, 1921.