## In re MINERAL LAC PAINT CO.
### No. 19211.

District Court, E. D. Pennsylvania.
Dec. 8, 1936.

Nochem S. Winnet, of Philadelphia, Pa., for petitioner.

M. Norman Du Bois, of Philadelphia, Pa., for trustee.

MARIS, District Judge.

In this case we are asked to review the action of the referee in dismissing the reclamation petition of Hannah Salkind claiming title to certain machinery, apparatus, and equipment in the possession of the bankrupt company. Her claim was based upon an alleged conditional sale contract between herself as seller, and Bessie Rose as buyer, which was filed of record in the office of the Prothonotary of Philadelphia County on November 29, 1935. The answers to the petition filed by the receiver and afterward by the trustee denied the ownership of the petitioner, and denied that a complete copy of the agree-

ment was filed, or that it was filed in accordance with the requirements of the Uniform Conditional Sales Act of Pennsylvania (69 P.S.Pa. chap. 2, § 361. et seq.). The trustee's answer also averred that Bessie Rose acted in the transaction as agent for the Mineral Lac Paint Company and that the respondent, as its trustee in bankruptcy, had title and right of possession thereto. A large amount of testimony was taken from which the referee found as a fact that the petitioner, Hannah Salkind, was not at the time she entered into the conditional sale agreement the owner of the property sought to be reclaimed and was, therefore, not entitled to reclaim it. The testimony was conflicting, but we are satisfied that it supports the finding of the referee on this point. Counsel for the respondent has strongly urged, however, that he did not believe this question to be seriously in issue and that in consequence he did not offer all the available evidence in support of his client's claim of title. If the case turned upon this point, we would be inclined to accede to his request that he be given a further opportunity to offer evidence on this question; but in view of our opinion upon the other issues involved further consideration of this point becomes unnecessary.

The conditional sale contract here involved as filed in the prothonotary's office contained the following as its opening paragraph: "Know All Men by These Presents, That I, Bessie Rose, of 805 Sixty-Ninth Avenue, Philadelphia, Pennsylvania, hereinafter referred to as Buyer, do hereby acknowledge the receipt from Hannah Salkind, of 6634 Pine Street, Philadelphia, Pennsylvania, hereinafter referred to as Seller, certain machinery, apparatus, plant and equipment now upon premises 3306–16 E. Thompson Street, Philadelphia, Pennsylvania, described in a schedule hereto annexed, made part hereof and referred to as Exhibit 'A.' "

The schedule of machinery and equipment therein stated to be annexed, made part thereof, and referred to as "Exhibit A," was, however, not annexed thereto or filed in the prothonotary's office. It is because of this omission that the trustee in bankruptcy contends that the conditional sale contract was not filed in accordance with the provisions of the Uniform Conditional Sales Act and was, therefore, void as to him. Whether this is so depends, we think, upon whether the paper as filed was a complete conditional sale contract, or whether it was only a portion of a contract from which a material part was omitted. If the latter, the filing of the part would not operate under the Uniform Conditional Sales Act to protect the title of the vendor. In re Bazemore (D.C.) 189 F. 236; In re Ford-Rennie Leather Co. (D.C.) 2 F.(2d) 750, 756. In our opinion the answer to this inquiry must be that a material part of the contract was omitted from the document as filed, and that its filing, therefore, does not furnish support for the reclamation petition. We reach this conclusion because the document filed shows on its face that it is incomplete, in that a part of it, the schedule containing the description of the machinery and equipment sold, is omitted. This obviously is a material part of the contract, and its omission is not cured by the brief general reference to the machinery and equipment sold contained in the portion of the contract above quoted, since that language is not sufficiently precise or definite, particularly in view of the testimony that other similar machinery and equipment was located upon the premises mentioned. We think that the word "certain," used in referring to the machinery and equipment in the part of the contract which we have quoted, followed as it is stated to be by a detailed description (which was not in fact attached), was used in the sense of "some among possible others." Webster's New International Dictionary of the English Language (2d Ed.) Unabridged, p. 440, definition 2b. As so interpreted the language referring to the machinery and equipment in the contract is too indefinite to constitute a sufficient reference to support the agreement. Regardless of this, however, the failure to include a schedule containing a description of the machinery and equipment sold, which schedule the contract itself expressly stipulates to be a part of it, in our opinion amounts to the omission of a material part of the contract. Meier & Frank Co. v. Sabin (C.C.A.) 214 F. 231. We need only add that the fact that the schedule may have been omitted from the filed copy by mistake and that it can be supplied by parol evidence does not affect the rights of the trustee in bankruptcy, which can be affected by the filed copy only.

One further point remains for consideration. The referee found upon sufficient evidence that Bessie Rose was not the buy-

er of the machinery and equipment, that she knew nothing of the transaction and did not participate in it except to sign an agreement of the contents of which she was ignorant, and that she was at the most but a straw party or agent for the bankrupt company. The machinery and equipment sold were never received by her, but were delivered directly by the seller to the bankrupt company. With these findings of the referee we fully concur. We think it follows that the paper filed in this case was not a conditional sale agreement within the meaning of the Uniform Conditional Sales Act, since the person named therein as the buyer was not the "buyer" of the goods as that term is defined in the act. She was at the most but the agent for an undisclosed principal which, however, was known to the seller, and the goods were delivered to her principal and not to her. Section 4 of the Uniform Conditional Sales Act (69 P.S.Pa. § 401) provides that "every provision in a conditional sale, reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided." The proviso referred to, which is contained in section 5 of the act (69 P.S. Pa. § 402), is that the reservation of property shall be void as to any purchaser from or creditor of the buyer who, without notice thereof, purchases the goods or acquires by attachment or levy a lien upon them before the contract or a copy thereof shall be filed, unless the contract or copy is filed within ten days after the making of the conditional sale. It is quite obvious that the protection afforded to the seller by section 4 exists only when the goods are delivered by him to a person named in the conditional sale contract as buyer who is a buyer as defined in the act. They do not protect him when his contract is made with a person other than the buyer for the purpose, as appears in this case, of concealing the identity of the real buyer to whom the goods are actually delivered. We therefore hold that even if it be assumed that the contract as filed was complete, the failure to name the real buyer therein to whom the goods were delivered by the seller rendered the reservation of title in the contract void as to the trustee in bankruptcy of the Mineral Lac Paint Company, the real buyer.

The petition for review is dismissed, and the order of the referee is confirmed.