[Civ. No. 2236. Fourth Appellate District.—March 17, 1939.]

TOM PACE, Respondent, v. D. K. THREEWIT et al., Defendants; SAN JOAQUIN COTTON OIL COMPANY (a Corporation), Third Party Claimant and Appellant.

Borton, Petrini & Conron for Appellant.

Edwin P. Jacobsen and Harvey, Johnston & Baker for Respondent.

BARNARD, P. J.—In October, 1936, the defendants executed and delivered to the third party claimant a crop

mortgage, which was duly recorded covering all crops raised during the year 1937 on the west ½ of section 16, township 32 south, range 29 east, M. D. B. & M. This mortgage further purported to cover all crops produced "upon any other land situated in said county and state and owned, planted or farmed during said crop years by the mortgagor". The plaintiff, as assignee of certain labor claims, brought this action and attached a cotton crop produced during 1937 on 160 acres lying immediately west of the north ½ of the west ½ of section 16 and also on 160 acres lying immediately north of the west ½ of section 16, both of which parcels had been farmed that year by the defendants. The San Joaquin Cotton Oil Company filed a third party claim asserting title to the attached cotton crop under the provisions of its crop mortgage. A petition to determine title to the property in question was then filed and, after a hearing, the court determined that the crop mortgage was not valid as to the attaching creditor with respect to the property attached. From the judgment entered the third party claimant has appealed.

■ The question presented is whether the above-quoted provision of the crop mortgage contains a sufficient description to extend the lien thereof to crops raised upon said adjoining lands and to create a valid lien on said crops as against the claim of an attaching creditor of the mortgagors.

Section 2955 of the Civil Code provides that growing crops may be mortgaged. Section 2920 of that code defines a mortgage as a contract by which "specific property" is hypothecated for the performance of an act. The form of a crop mortgage suggested by section 2956 of that code provides for the description of the property. There can be no mortgage unless the property hypothecated is sufficiently described to bring the instrument within the meaning of the statute defining a mortgage.

With respect to the sufficiency of the description of the mortgaged property the general rules are thus set forth in 10 American Jurisprudence, page 752, section 55:

"To be sufficient against a third person, the description of the mortgaged property must be definite enough to enable him, aided by inquiries which the instrument itself suggests, to identify the property. A description which may be amply sufficient as between the immediate parties to a mortgage will,

in many cases, not be sufficient as against creditors of, or purchasers from, the mortgagor.

"Third parties are under no obligation to exhaust every possible means of information before they can safely proceed to treat the property of the mortgagor as unencumbered. The record of a mortgage is not constructive notice to them where it does not describe any particular property or furnish any data which will direct the attention of those reading it to some source of information beyond the words of the parties to it. In nearly all cases, however, resort must be had to other evidence than that furnished by the mortgage itself to enable third persons to identify mortgaged property, and generally where there is a description of the property mortgaged and the description is true, and by the aid of such description and the surrounding circumstances the third person would in the ordinary course of things know the property that was mortgaged, the description will be held to be sufficient."

And at section 63, page 756, is to be found the following:

"A statement as to the location of the chattels mortgaged is one of the most important elements in the description. Other details without this element often amount to little or nothing, whereas its presence with other slight details often makes easy the ascertainment of the property meant to be designated and may make sufficient a description which otherwise would be insufficient. There should be a designation of the property conveyed and of the place where it may be found. A description is, of course, insufficient where there is no location indicated and nothing else to identify the property."

Corpus Juris, volume 11, page 469, section 98, states: "As a general rule, however, a mere statement of the county in which the crop is to be raised is not sufficient to put third persons on inquiry." One of the cases cited in support of this rule is *Muir* v. *Blake,* 57 Iowa, 662 [11 N. W. 621], in which case it was held that a description was insufficient which described the property as "all the crops raised by me in any part of Jones County for the period of three years". On the other hand, the Supreme Court of Arkansas, in the case of *Johnson* v. *Grissard,* 51 Ark. 410 [11 S. W. 585, 3 L. R. A. 795], held a similar description to be sufficient.

In several cases in this state it has been held that crop and chattel mortgages were not void for uncertainty in the description of the property. (*Wilkerson* v. *Thorp*, 128 Cal. 221 [60 Pac. 679]; *California Packing Corp.* v. *Stone*, 64 Cal. App. 488 [222 Pac. 193]; *McCormick* v. *Farmers Grain etc. Co.*, 51 Cal. App. 557 [197 Pac. 429]; *Ramsey* v. *Furlott*, 14 Cal. App. (2d) 145 [57 Pac. (2d) 1007]; *Hall* v. *Glass*, 123 Cal. 500 [56 Pac. 336, 69 Am. St. Rep. 77].) In each of these cases the real property upon which the chattels or crops were situated was described, or it was stated that they were located upon a particular piece of real property with a known name so that it could be located.

In *United Bank & Trust Co.* v. *Powers*, 89 Cal. App. 690 [265 Pac. 403], the general rule is thus stated:

"The rule is well settled that where a chattel mortgage of record contains a sufficient description, which, by putting parties upon inquiry, will enable them to identify and ascertain the property mortgaged, the mortgage will not be held void for uncertainty (Jones on Chattel Mortgages, sec. 64; 5 Cal. Jur., p. 54), where it is stated that a description of property is sufficient if it is such as to enable third parties, by inquiry, to identify the property covered by it. Or, as said in Cobbey on Chattel Mortgages, section 170: 'A description which will enable third persons to identify the property, aided by inquiries which the mortgage itself indicates and directs, is sufficient.' "

In that case the court further said:

"In *Rudolph* v. *National Live Stock Commission Co.*, 76 Kan. 789 [92 Pac. 1103], the supreme court of Kansas again held that 'if a person of ordinary prudence, reading such mortgage and making such reasonable inquiries as the mortgage suggests would identify the cattle, then the mortgage being duly filed in the proper office is sufficient to charge third persons with notice.' That case also holds that it is a question of fact for the jury to determine whether a person of ordinary prudence, reading such mortgage and making inquiries as would be suggested thereby, would be enabled to identify them. To the same effect is *McConnell et al.* v. *Langdon*, 3 Idaho, 157 [28 Pac. 403], where the supreme court of Idaho held that: 'A description of property is sufficient if it will enable a third person, aided by inquiry suggested by

the instrument, to identify the property.' (Citing a number of authorities.) Likewise, in the case of *Ehrke* v. *Tucker*, 99 Kan. 52 [160 Pac. 985], the supreme court of Kansas decided that 'It is not necessary that the description of cattle intended to be included in a chattel mortgage, shall be so definite that third parties can identify the property from that alone. It is enough if the description and the inquiry suggested by it, furnish a reasonable basis for identification. But the suggestions which indicate the line of inquiry must be taken from the mortgage itself and not rest alone in the mind of the mortgagor or mortgagee.' "

In *Pacific Nat. Agr. Credit Corp.* v. *Wilbur*, 2 Cal. (2d) 576 [42 Pac. (2d) 314], the court thus quoted the rule from 11 C. J. 457:

" 'As against third persons the description in the mortgage must point out the subject matter so that such persons may identify the chattels covered, but it is not essential that the description be so specific that the property may be identified by it alone, if such description suggests inquiries or means of identification which, if pursued, will disclose the property covered. This rule is based upon the maxim, that is certain which is capable of being made certain. So a description is sufficient if it may be aided by parol proof and the property covered by the mortgage identified.' "

It is a well-settled rule that parol evidence may aid but not make a description. It may first be observed that in the provision of the mortgage now under consideration there is no attempt to set forth a description of specific property which may be aided by parol evidence. The language used indicates an express intention to avoid describing any particular property and indicates an intention to leave the parties free to apply the mortgage to any land in that county which may later happen to be picked by the mortgagors as the scene of their farming operations.

It is pointed out in the rules above set forth that the description should be such that the property may be identified by it alone or that the description in itself should suggest inquiries or means of identification which, if pursued, will identify the property. But, as pointed out in some of these cases, the suggestion of a line of inquiry must appear in the mortgage itself and not rest solely in the mind of the mort-

gagor or mortgagee. There should be something more than merely the name of the mortgagor especially where, as here, it is not even set forth or claimed, as a matter of fact, that the mortgagor owns the land or even lives upon it. In the instant case there is no evidence that the mortgagors owned the land where the attached crop was produced, that they leased it, that they lived on it, that they had ever farmed it before, that they were farming it when the mortgage was executed, that it was farmed as a unit in connection with the land which was described in the mortgage, that they were ever personally upon the land where the attached crops were produced, or that there was anything in or about that land to enable anyone to tell who was raising the crop. It does not appear where the mortgagors lived or that they lived in this state. The land upon which the crops were raised could not be identified by anything stated in the mortgage and could be located only by following the mortgagors to see where their activities extended. Other than what existed in the minds of the parties to the mortgage there was no possible way to identify the land intended to be covered by the clause in question, except by making inquiry of the mortgagors, and there is nothing to show that they could have been found or even that anyone on the place during the time the crops were being produced knew who they were or where they were.

In the case of such a mortgage as this, covering specific land and purporting to also cover any other land in the county that might be farmed by the mortgagors, it should not be necessary for an interested third party to investigate every piece of land in the county that had cotton growing upon it. This is especially true in this state where in some counties lands farmed by the same party might well be more than a hundred miles apart. If, as suggested, the precise question involved here has not heretofore been decided in this state we prefer to adopt the rule which would make the required notice mean something. The requirement that such a mortgage be recorded has the double purpose of giving notice to interested third parties and of enabling them to identify and locate the property. In many cases it would open the door to fraud to permit crops to be brought under such a mortgage months after the mortgage was recorded and after the rights of other people had accrued. In our opinion, the court's determination that this mortgage was invalid, in so far as the

attached property is concerned, because that property was not sufficiently described in the mortgage, should be upheld.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.