In the Matter of Herbert E. DRISCOLL, Bankrupt.

No. 60645.

United States District Court,
S. D. California, Central Division.

Dec. 29, 1954.

Reuben G. Hunt, Los Angeles, Cal., for referee in bankruptcy.

Darius F. Johnson, Los Angeles, Cal., for petitioner.

Leslie S. Bowden, Los Angeles, Cal., for trustee.

MATHES, District Judge.

This voluntary bankruptcy proceeding is here upon petition for review of an order of the referee, filed May 17, 1954, declaring void as against the trustee in bankruptcy an otherwise valid chattel mortgage of the bankrupt in favor of the petitioner, for the sole reason "that said chattel mortgage failed to state the location of the property referred to therein * * *."

The chattel mortgage is in substantially the form and language prescribed by the statute, Cal.Civ. Code § 2956, and reads in pertinent part:

"This Mortgage, Made this 3rd day of August, 1953 By Herbert E. Driscoll of ——————, County of Los Angeles, State of California, Mortgagor, To John L. Minton of ——————, County of Los Angeles, State of California, Mortgagee, Witnesseth: That the Mortgagor mortgages to the Mortgagee all that certain personal property situated and described as follows, to-wit:"

A number of items of restaurant equipment are then listed, in many instances with the serial number, model number, manufacturer's name, dimensions, color, and material of which constructed. The fourth item, for example, is described as: "1 Multiple Malt Mixer with Dispenser Model No. 9B3, Serial No. 33907." No location other than the "County of Los Angeles" is stated.

Section 70, sub. c. of the Bankruptcy Act provides in part that: "The trustee, as to all property * * * upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings * * *." 11 U.S.C.A. § 110, sub. c; see id. § 67, 11 U.S.C.A. § 107.

■■ Although the Bankruptcy Act is "superior to all state laws" Moore v. Bay, 1931, 284 U.S. 4, 5, 52 S.Ct. 3, 76 L.Ed. 133, by virtue of the quoted provisions of § 70, sub. c resort must be had to the law of the state to ascertain just what property interest the trustee acquires. "[C]laims which for want of record or for other reasons would not have been valid liens [under applicable state law] as against the claims of the creditors of the bankrupt shall not be liens against his estate. * * *" Moore v. Bay, supra, 284 U.S. at page 5, 52 S.Ct. at page 4, since "the courts of the United States regard and follow the policy of the state law in cases of this kind." Dooley v. Pease, 1901, 180 U.S. 126, 128, 21 S.Ct. 329, 45 L.Ed. 457; accord: Holt v. Crucible Steel Co., 1912, 224 U.S. 262, 265, 32 S.Ct. 414, 56 L.Ed. 756; Security Warehousing Co. v. Hand, 1907, 206 U.S. 415, 425, 27 S.Ct. 720, 51 L.Ed. 1117; Ex parte Christy, 1845, 3 How. 292, 44 U.S. 292, 315, 11 L.Ed. 603; Nugent v. Boyd, 1845, 3 How. 426, 44 U.S. 426, 438–439, 11 L.Ed. 664.

Specifically, then: "Whether and to what extent a mortgage of this kind is valid, is a local question, and the decision of the state court will be followed by this court in such case." Thompson v. Fairbanks, 1905, 196 U.S. 516, 522, 25 S.Ct. 306, 49 L.Ed. 577; accord: Fairbanks Steam Shovel Co. v. Wills, 1916, 240 U.S. 642, 644, 36 S.Ct. 466, 60 L.Ed. 841; Knapp v. Milwaukee Trust Co., 1910, 216 U.S. 545, 556, 30 S.Ct. 412, 54 L.Ed. 610; Green v. Van Buskirk, 1868, 7 Wall. 139, 74 U.S. 139, 146, 19 L.Ed. 109; Seymour v. Wildgen, 10 Cir., 1943, 137 F.2d 160, 161.

■ This dichotomy between federal and state law is succinctly stated in Commercial Credit Co. v. Davidson, 5 Cir., 1940, 112 F.2d 54, 55: "We are controlled by federal law in determining what liens are preserved in bankruptcy; what character of title to the debtor's property is vested in the trustee in bankruptcy; and, as to such property, what rights, remedies, and powers are deemed vested in the trustee. We look to state

law to ascertain what property the debtor owned immediately preceding the time of bankruptcy; what liens thereon, if any, then existed; the character thereof; and the order of priority among the respective creditors holding such liens." 112 F.2d at page 55; accord: Ingels v. Boteler, 9 Cir., 1938, 100 F.2d 915, 919; Mason v. Citizens' Nat. Trust & Savings Bank, 9 Cir., 1934, 71 F.2d 246, 248; White v. Pacific Southwest Trust & Savings Bank, 9 Cir., 1925, 9 F.2d 650, 661; Hill, The Erie Doctrine in Bankruptcy, 66 Harv.L.Rev. 1013, 1020 (1953); 54 Harv.L.Rev. 879, 880 (1941); 4 Collier on Bankruptcy 1261 et seq., pars. 70.49, 70.50, 70.52, 70.56, 70.63 (14th ed. 1942); 4 Remington on Bankruptcy 87–105, § 1406 (4th ed. 1935).

Now to apply the law of California, both statutory and decisional, to determine the validity of the chattel mortgage here in question. In § 2956 of the California Civil Code appears the form in which chattel mortgages may be made. It is simple and short: "This mortgage, made the ——— day of ———, in the year ———, by AB of ———, mortgagor, to CD, of ———, mortgagee, witnesseth: That the mortgagor mortgages to the mortgagee (here describe the property), as security for the payment to him of ——— dollars, on (or before) the ——— day of ———, in the year ———, (or, as security for the payment of a note or obligation, describing it, etc.) AB."

It is apparent that the statutory form does not expressly require the location of the mortgaged chattels to be set forth; but the requirement that the property be described does nonetheless raise the question whether an adequate description of personal property necessarily includes a statement of its location.

The leading case on this question, Pacific Nat. Agricultural Credit Corp. v. Wilbur, 1935, 2 Cal.2d 576, 42 P.2d 314 states the general rule applicable in California to be: "As against third persons the description in the mortgage must point out the subject-matter so that such persons may identify the chattels covered; but it is not essential that the description be so specific that the property may be identified by it alone, if such description suggests inquiries or means of identification which, if pursued, will disclose the property covered. This rule is based upon the maxim, that is certain which is capable of being made certain. So a description is sufficient if it may be aided by parol proof and the property covered by the mortgage identified." 2 Cal.2d at page 589, 42 P.2d at page 320.

Other California courts have followed this rule. As said in Genger v. Albers, 1949, 90 Cal.App.2d 52, 202 P.2d 569, " * * * no particular method of description is necessary, nor is it essential that the description be sufficient to identify the property without the aid of parol evidence." 90 Cal.App.2d at page 57, 202 P.2d at page 572; see: Stoehr v. Superior Court, 1948, 87 Cal.App.2d 850, 197 P.2d 779; Pacific States Savings & Loan Co. v. Hoffman, 1933, 134 Cal.App. 604, 25 P.2d 1007. "As against third persons, the mortgage must point out the subject-matter so that the third person may identify the property covered by the aid of such inquiries as the instrument itself suggests." John Breuner Co. v. King, 1909, 9 Cal.App. 271, 273, 98 P. 1077, 1078; see: United Bank & Trust Co. v. Powers, 1928, 89 Cal.App. 690, 265 P. 403; McCormick v. Farmers' Grain & Milling Co., 1921, 51 Cal.App. 557, 197 P. 429; 1 Jones, Chattel Mortgages and Conditional Sales 94–99, §§ 53, 54, 54a (6th ed. 1933); 1, 2 CCH Cond. Sale Chattel Mort. Serv. 2372, 18,013, Par. 420.

■ Inclusion of the address where the mortgaged property is located is for obvious reasons the better practice. Ordinarily "a statement as to the location of the chattels mortgaged is one of the most important elements in the description." Pace v. Threewit, 1939, 31 Cal. App.2d 509, 511, 88 P.2d 247, 248. But

that is far from saying that a statement as to the location of the mortgaged chattels is essential to validity.

Section 2957 of the Civil Code of California, entitled "Requisites to validity", contains no requirement that the location of the mortgaged chattels be stated. On the other hand, as to a mortgage of "animate personal property other than crops growing or to be grown", the requirement is that it be recorded in "the county where the mortgagor resides at the time the mortgage is executed" or, in case of a non-resident mortgagor, in "the county where the property mortgaged is located at the time the mortgage is executed * * *." Id. § 2957(2). In the case of crops, recordation is required in "the county where the land is located upon which such crops are growing or to be grown * * *." Id. § 2957(3).

Where, as at bar, the mortgage is "of personal property other than crops * * or animate personal property", the "requisite to validity" is that the mortgage be recorded (1) in "the county where the property mortgaged is located at the time the mortgage is executed" and (2) in "the county where the mortgagor resides at the time the mortgage is executed * * *." Id. § 2957(4).

Also to be noted is the fact that under California law when the mortgaged chattel is removed to another county, the mortgage, when there recorded within a grace period, is valid without any statement whatever as to the location of the chattel within the county to which removed. Id. §§ 2965, 2957. The location being unnecessary after the chattel is removed to a new county, it is equally unnecessary before removal.

Significant, too, in reviewing California's statutory scheme for chattel mortgages, is the fact that the Code specially provides with respect to mortgages of livestock "or other animate chattels" that the description shall be adequate if *inter alia* there be stated "the place where the same will be ordinarily located while owned by the mortgagor * * *." Id. § 2977.

Perhaps the lack of statutory requirement that the location of mortgaged chattels be given is prompted by legislative policy that the privacy of mortgage transactions be invaded only to the extent necessary to protect from deception and loss third persons dealing in reliance upon apparent ownership of chattels. Bearing in mind that recordation of a chattel mortgage takes the place of the "immediate delivery [and] * * * change of possession" required by § 3440 of the Civil Code, it is helpful in this connection to recall that the necessity of a statement of "the residence of the mortgagor and mortgagee", as required by the Chattel Mortgage Act of 1857, Cal.Stats.1857, c. 264, p. 348, § 1; see Ede v. Johnson, 1860, 15 Cal. 53, has long since been eliminated. Cal.Civ. Code, §§ 2955, 2956, enacted 1872; Davis, Index to the Laws of California 947 (1908).

Absence from the statute of any express provision requiring a statement in the mortgage as to the location of inanimate chattels, forces rejection of the contention that such a statement is requisite to validity.

The rule as stated by the California courts governs here: "To be sufficient against a third person, the description of the mortgaged property must be definite enough to enable him, aided by inquiries which the instrument itself suggests, to identify the property." Pace v. Threewit, supra, 31 Cal. App.2d at page 510, 88 P.2d at page 248; see: Pacific Nat. Agricultural Credit Corp. v. Wilbur, supra, 2 Cal.2d at page 589, 42 P.2d at page 320; United Bank & Trust Co. v. Powers, supra, 89 Cal. App. 690, 265 P. 403; John Breuner Co. v. King, supra, 9 Cal.App. at page 273, 98 P. at page 1078; cf. Osborn v. Wells, 6 Cir., 1934, 69 F.2d 970.

It follows then that since the property in question appears to be de-

scribed in the chattel mortgage in sufficient detail so that on inquiry it could be found and identified, a statement of the address where located, however desirable from the standpoint of convenience, is not essential to validity of the mortgage.

The trustee urges that the referee's order under review is predicated upon In re Kessler, D.C.S.D.Cal.1950, 90 F. Supp. 1012, 1017. The ground of decision there was that unreasonable delay in recordation invalidated the mortgage as against creditors; and the added statement: "Furthermore the description * * * is insufficient * * *." must fall as *obiter dictum*.

The mortgage in Kessler is, as the trustee asserts, "almost identical to the one here involved." There as here most of the items were described with specificity, but some, such as "miscellaneous items necessary for cleaning," may prove too indefinite to meet the test. Each case, indeed each item listed in a chattel mortgage, must turn upon an appropriate application of the maxim: "That is certain which can be made certain." Cal.Civ. Code, §§ 3538, 3509. The fact that the description of one or more of the chattels intended to be covered is insufficient to enable identification does not operate to invalidate the mortgage as to items which are adequately described.

For the reasons stated, the mortgage at bar is not invalid, so a creditor of the bankrupt could not "have obtained a lien by legal or equitable proceedings at the date of bankruptcy" on the property adequately described therein. The trustee in bankruptcy can only stand in the shoes of such a creditor. Bankruptcy Act, § 70, sub. c, 11 U.S.C.A. § 110 sub. c; Moore v. Bay, supra, 284 U.S. at page 5, 52 S.Ct. 3.

The referee's order under review must accordingly be reversed.