[Civ. No. 17105. First Dist., Div. One. Jan. 14, 1957.]

O. J. WITT, Appellant, v. DOUGLAS C. MILTON et al., Respondents.

Husted, Pinney & Smith and W. M. Pinney, Jr., for Appellant.

Mandl & Atteridge and Theo H. Cominos for Respondents.

BRAY, J.—The principal question presented by this appeal by plaintiff from a judgment in favor of defendants entered upon an order sustaining demurrer without leave to amend is—Is a chattel mortgage void as to third parties where it fails to describe the location of the personal property thereby sought to be mortgaged?

## SECOND AMENDED COMPLAINT

It alleged that plaintiff is the owner of and mortgagee in a chattel mortgage executed by Daley and wife to secure the payment of a certain promissory note. The property mortgaged consists of certain personal property therein listed, such as 9 single beds, 13 double beds, etc. (Nowhere is the location of such property mentioned.) While plaintiff was entitled to immediate possession of the mortgaged property, defendants (who are not parties to the mortgage) seized the property, took it into their own possession and now withhold it from plaintiff. In the order sustaining the demurrer without leave to amend the court stated that it was granted "Inasmuch as the location of the personal property cannot be determined from the chattel mortgage, nor by reasonable inquiry based thereon . . ."

## IS THE MORTGAGE VOID?

Preliminarily it can hardly be contended, in view of the fact that neither the mortgage itself (copy of which is attached to the complaint) nor the complaint either describe the location of the articles or give any basis for inquiry as to their location, that the complaint states a cause of action or that the court was not justified in sustaining the demurrer.

In *Pace* v. *Threewit* (1939), 31 Cal.App.2d 509 [88 P.2d 247], in discussing the rules for determining the sufficiency of the description in a mortgage of this type, the court said (p. 513) : "It is pointed out in the rules above set forth that the description should be such that the property may be identified by it alone or that the description in itself should suggest inquiries or means of identification which, if pursued, will identify the property."

The more serious question is whether the mortgage is void because of the omission of the property's location, or whether the property could be identified by extrinsic evidence under proper allegations in an amended complaint. If the latter, the court should have permitted the complaint to be amended

to identify the property.* An examination of the mortgage supplies no hint as to the location of the property. In the Pace case it was held ''There should be something more than merely the name of the mortgagor'' (p. 514) for this purpose. Quoting from 10 American Jurisprudence 752, section 55, the court said (p. 510) : '' 'To be sufficient against a third person, the description of the mortgaged property must be definite enough to enable him, *aided by inquiries which the instrument itself suggests,* to identify the property. . . .' '' (Emphasis added.) In *Pacific Nat. Agr. Credit Corp.* v. *Wilbur,* 2 Cal. 2d 576, 589 [42 P.2d 314], the court quoted from 11 C.J. 457: '' ' ''As against third persons the description in the mortgage must point out the subject-matter so that such persons may identify the chattels covered, but it is not essential that the description be so specific that the property may be identified by it alone, *if such description suggests inquiries or means of identification which, if pursued, will disclose the property covered.* . . .'' ' '' (Emphasis added.)

█ Applying the test as set forth in the emphasized language of the above cases to the situation in our case, we find the mortgage contains no suggestion of inquiries or means of identifying the property. The mortgage merely lists certain quantities of beds, bedding, furnishings and furniture. Location, of course, is not important in itself but merely as a means of identification. But, as said in 14 Corpus Juris Secundum 671, § 64, ''When neither the location, the ownership, nor the possession of the property is stated in the [chattel] mortgage, it is ordinarily fatal to the description; and in all cases the location of the property mortgaged must be stated, where the property cannot otherwise be sufficiently identified, or it is not otherwise sufficiently described . . .''

In *In re Kessler* (1950), 90 F.Supp. 1012, the mortgage described a cash register, soda fountain and other equipment, gave the mortgagor's occupation as ''Kessler's Pharmacy,'' and the location of the mortgaged property as ''Burbank, California.'' This was held as against creditors of the mortgagor to be insufficient description for identification. In our case, following the names of the mortgagors in the mortgage, appeared ''by occupation motel operator.'' In *In re Driscoll,* 127 F.Supp. 81, the mortgaged property was restaurant equip-

---

*Plaintiff made no showing in the trial court, nor has he in his briefs here, of any circumstances which might be alleged (if the mortgage were not void on its face) to establish identity. Nor has he claimed that defendants actually knew what property was intended to be mortgaged.

ment with some of which was listed the serial number, model number, manufacturer's name, dimensions, color and material of which constructed; no location other than "County of Los Angeles" was stated. There the court after pointing out that the statutory form of the mortgage provided in section 2956, Civil Code, does not expressly require the location of the mortgaged chattels to be set forth, held that "since the property in question appears to be described in the chattel mortgage in sufficient detail so that on inquiry it could be found and identified, a statement of the address where located, however desirable from the standpoint of convenience, is not essential to the validity of the mortgage." (Pp. 84-85.) Differing from the facts in our case, the mortgage did describe the county in which the property was located, but more important, described the equipment in such manner that it could be identified, while in our case none of the chattels were described so that they could be identified. The phrase "9 single beds" does not describe them so that they could be distinguished from any 9 single beds anywhere.

Plaintiff has cited and we have found no case where extrinsic evidence has been admitted to identify the chattels mortgaged unless there is something in the description or in the mortgage itself which suggests inquiries or means of identification. Apparently it is plaintiff's theory that without any specific clue to identification in the mortgage, he would be permitted to prove where, as a matter of fact, the property was located, the mortgagor lived, and the manner in which and from where defendants acquired the property. This theory violates the rules set forth in the above mentioned cases. As said in *Pace* v. *Threewit, supra,* 31 Cal.App.2d 509, 512, quoting from Cobbey on Chattel Mortgages, section 170, it must be " 'A description which will enable third persons to identify the property, aided by inquiries which *the mortgage itself indicates and directs* . . .' " (Emphasis added.) Again the court quoted from *Ehrke* v. *Tucker,* 99 Kan. 52 [160 P. 985], " '. . . the suggestions which indicate the line of inquiry must be taken from the mortgage itself and not rest alone in the mind of the mortgagor or mortgagee.' "

 Thus, it appears that it is impossible from the mere listing of the articles in the mortgage to determine their identity, and hence under the authorities, the mortgage is void as to third parties, and hence as to defendants. The

court therefore properly sustained the demurrer without leave to amend.

Judgment affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 13, 1957.