A. J. BUMB, Trustee in Bankruptcy of the Estate of Ampsco Products of California, Inc., Bankrupt, Appellant,

v.

L. E. McINTYRE and M. H. McIntyre, doing business as L. E. McIntyre & Co., Appellees.

No. 16515.

United States Court of Appeals
Ninth Circuit.

April 14, 1960.

Robert H. Shutan, Milton Feinerman, Beverly Hills, Cal., for appellant.

Forster & Gemmill, Donald W. Crocker, John G. Gemmill, Los Angeles, Cal., for appellees.

Before BARNES, HAMLEY and HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

A. J. Bumb, Trustee in Bankruptcy of the Estate of Ampsco Products of California, Inc., Bankrupt, appellant herein, appeals from an order of the District Court of the Southern District of California affirming the decision of a referee in bankruptcy holding valid as against the trustee a chattel mortgage executed by the bankrupt in favor of L. E. McIntyre and M. H. McIntyre, doing business as L. E. McIntyre & Company, appellee herein.

The District Court had jurisdiction by virtue of 11 U.S.C.A. § 11, and this Court has jurisdiction under 11 U.S.C.A. § 47.

The essential facts in the case are undisputed. On May 25, 1956, Ampsco Products of California, Inc., for a valuable consideration executed and delivered a chattel mortgage to L. E. McIntyre & Co., a partnership, as security for a promissory note in the sum of $27,500. The transaction was handled through an escrow in the Security-First National Bank of Los Angeles. An inventory list of all the specific items of personal property covered by the mortgage was deposited in said escrow with the mortgage. However, the inventory list was not actually attached to the mortgage. The chattel mortgage was duly published and recorded in all respects. On August 13, 1957, Ampsco made a general assignment for the benefit of creditors to Ralph Meyer. The assignee then sold all of the assets of Ampsco to a third party for $28,775 free and clear of encumbrances.

An involuntary petition in bankruptcy was filed on October 29, 1957. An order of adjudication of bankruptcy was thereafter made and the assignee paid over all funds in his possession to the trustee in bankruptcy.

Prior to said sale and prior to the bankruptcy adjudication, appellee had filed in the State Court an action against Ampsco seeking forclosure of the chattel mortgage. After adjudication appellee sought to have appellant substituted in place of Ampsco in said action. Thereafter, by stipulation, the issue as to the validity of the chattel mortgage was tried before the referee in bankruptcy.

■ The trustee contends that the chattel mortgage is void as to creditors, claiming that the description of the property mortgaged was not sufficient under California law.

The chattel mortgage recited in part as follows:

"Witnesseth: That the Mortgagor mortgages to the Mortgagee all that certain personal property situated and described as follows, to-wit: Certain fixtures, machinery and tooling equipment, and located at 224 East Palmer Avenue, in the City of Compton, State of California."

The referee made findings of fact and conclusions of law which were adopted by the District Court. Pertinent portions of these findings and conclusions are set forth below.[1]

Findings of Fact

"2. The said Note and Chattel Mortgage were executed and delivered through an escrow at Security-First National Bank of Los Angeles, Broadway and Florence Branch, Escrow No. 129–5912. A Notice of Intended Mortgage with respect to the said Mortgage of Chattels was executed, recorded, and published, as required by California law, through the said escrow.

\* \* \* \* \*

"5. Inventories describing in detail the property covered by the Mortgage of Chattels were initialed on behalf of the Mortgagor and Mortgagee, and were deposited in said escrow; but such Inventories were not attached to or made a part of said Mortgage. The said Inventories describe the fixtures, Machinery and tooling equipment owned by the Bankrupt located at 224 East Palmer Avenue, Compton, California.

"6. The description of the property contained in the said Mortgage of Chattels, as recorded, is sufficiently definite to enable third parties, aided by inquiries which the instrument itself suggests, to identify the property covered thereby.

"7. Pursuant to the written Stipulation on file herein between the Trustee and L. E. McIntyre & Company, through their respective attorneys, the Court finds that the proceeds of sale (by Ralph

The form of a mortgage under California Civil Code § 2956 provides for the description of the property. In Pace v. Threewit, 31 Cal.App.2d 509, 88 P.2d 247, 248, the California District Court of Appeal stated as follows:

"There can be no mortgage unless the property hypothecated is sufficiently described to bring the instrument within the meaning of the statute defining a mortgage.

"With respect to the sufficiency of the description of the mortgaged property the general rules are thus set forth in 10 American Jurisprudence, page 752, section 55:

" '*To be sufficient against a third person, the description of the mortgaged property must be definite enough to enable him, aided by inquiries which the instrument itself suggests, to identify the property.* A description which may be amply sufficient as between the immediate parties to a mortgage will, in many cases, not be sufficient as against creditors of, or purchasers from, the mortgagor.

" 'Third parties are under no obligation to exhaust every possible means of information before they can safely proceed to treat the property of the mortgagor as unencumbered. The record of a mortgage is not constructive notice to them where it does not describe any particular property or furnish any data which will direct the attention of those reading it to some source of information beyond the words of the parties to it. In nearly all cases, however, resort must be had to other evidence than that furnished by the mortgage itself to enable third persons to identify mortgaged property, and generally where there is a description of the property mortgaged and the description is true, and by the aid of such description and the surrounding circumstances the third person would in the ordinary course of things know the property that was mortgaged, the description will be held to be sufficient.'

"And at section 63, page 756, is to be found the following:

" 'A statement as to the location of the chattels mortgaged is one of the most important elements in the description. Other details without this element often amount to little or nothing, whereas its presence with other slight details often makes easy the ascertainment of the property meant to be designated and may make sufficient a description which otherwise would be insufficient. There should be a designation of the property conveyed and of the place where it may be found. A description is of course, insufficient where there is no location indicated and nothing else to identify the property.' "

Appellant apparently concedes that the law is as set out in Pace v. Threewit, but contends that under this law the description in the instant chattel mortgage is insufficient.

Meyer, as Assignee for the Benefit of Creditors herein) of the furniture, fixtures and tooling equipment of the Bankrupt located at 224 East Palmer Avenue, Compton, California, was $28,775.00, and that the unpaid principal balance on the Note secured by said Chattel Mortgage is $17,474.02. From the evidence, the Court finds that the attorneys' fees payable under the Note and Chattel Mortgage are $1,747.40, and that interest will accrue at the rate of 10% per annum on $17,474.02 from and after July 1, 1958."

### Conclusions of Law
*   *   *   *   *

"3. The property covered by the Mortgage of Chattels, having been sold by Ralph Meyer, as Assignee for the benefit of Creditors herein, and the sale proceeds having been delivered to the Trustee in Bankruptcy herein, the lien created and evidenced by the said Mortgage of Chattels has attached to the funds in the hands of the Trustee herein which represent the proceeds of the sale of the fixtures, machinery and tooling equipment of the Bankrupt located at 224 East Palmer Avenue, Compton, California."

Appellant raises a question as to the meaning of the word "certain," which is found in two places in the chattel mortgage in question. The appellant contends that "certain" means "some" or "a portion of", and cites in support thereof In re Mineral Lac Paint Co., D.C.Pa. 1936, 17 F.Supp. 1, 2.

In that case the opening paragraph of the conditional sales contract read as follows:

"Know All Men by These Presents, That I, Bessie Rose, of 805 Sixty-Ninth Avenue, Philadelphia, Pennsylvania, hereinafter referred to as Buyer, do hereby acknowledge the receipt from Hanna Salkind, of 6634 Pine Street, Philadelphia, Pennsylvania, hereinafter referred to as Seller, certain machinery, apparatus, plant and equipment now upon premises 3306–16 E. Thompson Street, Philadelphia, Pennsylvania, described in a schedule hereto annexed, made part hereof and referred to as Exhibit 'A.' "

Exhibit "A" was not annexed to the contract or filed in the prothonotary's office. Because of this omission, the trustee in bankruptcy contended that the conditional sale contract was not filed in accordance with the provisions of the Uniform Conditional Sales Act and was therefore void as to him. The Court held with the trustee that a material part of the contract had been omitted from the document, and that its omission was not cured by the brief general reference to machinery and equipment above set out, "since that language is not sufficiently precise or definite, particularly in view of the testimony that other similar machinery and equipment was located upon the premises mentioned. We think that the word 'certain,' used in referring to the machinery and equipment  *  *, followed as it is stated to be by a detailed description (which was not in fact attached), was used in the sense of 'some among possible others.' " The Court then says further: "Regardless of this, however, the failure to include a schedule containing a description of the machinery and equipment sold, which schedule the contract itself expressly stipulates to be a part of it, in our opinion amounts to the omission of a material part of the contract."

Appellant further relies upon Black's Law Dictionary (4th Edition 1951) where, under the heading "certain," one definition appears as follows: "Some among possible others, In re Mineral Lac Paint Co., D.C.Pa., 17 F.Supp. 1, 2."

It appears, however, that in the same dictionary various other meanings are set out; they are shown in the footnote.[2]

Appellee relies on these further definitions as indicating that the word means "precise, identified, definitive, clearly known."

A similar number of different definitions of the word "certain" may be found in Webster's New International Dictionary (2d Ed.), Unabridged.

It would appear that the word "certain" has a number of different meanings, and its meaning in a particular case depends upon the context in which the word is used. If the words used were "certain of the" it might mean "some of the." If the words used were "those certain" or "all that certain" it might mean "precise," "definite," or "ascertained" property.

2. Certain. Ascertained; precise; identified; definitive; clearly known; unambiguous; or, in law, capable of being identified or made known, without liability to mistake or ambiguity, from data already given. Losecco v. Gregory, 108 La. 648, 32 So. 985, 986; White v. Wadhams, 204 Mich. 381, 170 N.W. 60, 62. Not specifically named; indeterminate, indefinite; none or some. Wilhite v. Armstrong, 328 Mo. 1064, 43 S.W.2d 422, 423. Some among possible others, In re Mineral Lac Paint Co., D.C.Pa., 17 F.Supp. 1, 2. That which may be made certain. Brown v. City of Shreveport, La.App., 15 So.2d 234, 236; Singer v. Campbell, 217 Ky. 830, 290 S.W. 667, 668; LSA–Civ.Code, art. 3556; Lee v. Pearson, La.App., 143 So. 516, 518.

In the instant mortgage, the wording is first "all that certain personal property." There is added to this all-inclusive language the following: "situated and described as follows, to-wit: Certain fixtures, machinery and tooling equipment, and located at 224 East Palmer Avenue. \* \* \*" We do not believe that the latter language requires that we hold that the all-inclusive first language ("all that certain personal property") must be watered down to mean "some of the fixtures, machinery and tooling equipment."

■ The authorities discussing the requirements of a property description in a mortgage all indicate that the description may be "aided by inquiries which the instrument itself suggests," Pace v. Threewit, supra, Witt v. Milton, 147 Cal. App.2d 554, 305 P.2d 944. The Court in Pacific Natural Agricultural Credit Corp. v. Wilbur, 2 Cal.2d 576, 42 P.2d 314, 320, quotes 11 C.J. 457, as follows: "As against third persons the description in the mortgage must point out the subject-matter so that such persons may identify the chattels covered, but it is not essential that the description be so specific that the property may be identified by it alone, if such description suggests inquiries or means of identification which, if pursued, will disclose the property covered." See also 14 C.J.S. Chattel Mortgages § 57.

Tested as against such principles, we think that the description in question is adequate.

In the instant mortgage a reading of the mortgage itself would suggest at least an inquiry at the location given as to the property covered by the mortgage. As has been stated in the authorities, location of the property mortgaged is "one of the most important elements in the description." Pace v. Threewit, supra, 88 P.2d at page 248. To say that one who was interested in knowing what property was mortgaged could not find

what the fact was by an inquiry at the given address as to whether the property was mortgaged, or if only a part of it was mortgaged, what part of it was mortgaged, or where the description of such part as was mortgaged could be examined, is entirely unrealistic.

No one contends that the mortgage in question or the obligation it secured were not legitimate transactions. The loan of $27,500 was made approximately one and a half years before the filing of the petition in bankruptcy, and during that time the bankrupt had reduced his indebtedness thereon by approximately $10,000. During the one and one-half year interval, any interested creditor of the bankrupt, aided by the "description and surrounding circumstances," or aided by "inquiries which the instrument itself suggests," would have had no difficulty in determining what property was mortgaged.

No case cited by appellant goes as far as invalidating a mortgage such as the one in question in this case.

■ The inventories mentioned in Finding No. 5 of the Court (footnote 1, supra) were admitted in evidence over the objection of the trustee, and appellant claims such admission was error.

We do not agree. The facts surrounding the preparation, initialing, and depositing in escrow of the inventories, which described in detail the property covered by the mortgage, were a part of the whole transaction that either party was entitled to prove. As set out in Finding No. 5 these inventories describe "the fixtures, machinery and tooling equipment \* \* \* located at 224 East Palmer Avenue \* \* \*." Nowhere in the record is there any evidence of any kind that these inventories described less than *all* "the fixtures, etc.," or that the property sold was less than all "the fixtures, etc." [3]

The judgment is affirmed.

3. The Court found (No. 7) that the proceeds of the sale "of the furniture, fixtures and tooling equipment" was $28,775

and that there was unpaid on the chattel mortgage $17,474.02.