## KELSEY v. DUNLAP et al.

An acknowledgment of a conveyance, which does not state that the person making the acknowledgment is either personally known, or proved to the officer to be the person who executed it, does not entitle the instrument to be recorded; and if recorded, its record imports no notice.

The regularity of a sheriff's sale cannot be impeached by a stranger, or in a collateral proceeding.

APPEAL from the District Court of the Sixth Judicial District.

Action of ejectment by the purchaser under foreclosure of one mortgage, brought against the purchaser, under foreclosure of another mortgage by the same party made subsequently. The acknowledgment of the mortgage, under which plaintiff claims, is in these words :

"Personally appeared before me, Edward J. Willis, whose name," etc., omitting to certify that he was either personally known, or proven to the officer to be the person described in, and who executed the instrument.

On the trial, the plaintiff asked the Court below to instruct the jury that the Sheriff's deed on foreclosure, under which defendants hold, was null and void, which the Court refused to do —plaintiff excepting. The jury found a verdict for defendants, and judgment was entered accordingly. Plaintiff appealed.

*McKune* for Appellant.

According to the theory of law maintained by the appellants, there is a substantial compliance with the law in the terms of the certificate. "Personally appeared before me, Edward J. Willis, whose name is attached to the foregoing document;" is substantially the same as : " Personally appeared before me Edward J. Willis, known to me to be the person whose name is attached to the foregoing document."

In all decisions concerning registries of instruments, there is a studied distinction between matters of form and matters of substance.

Suppose in a proceeding in Court, it became necessary for an affidavit to exhibit the fact that A. B. was personally present and did a certain act at a given time, would not a statement by affiant to the effect that A. B. personally appeared and performed the act be sufficient? Most certainly ; especially when the affiant added that A. B. was the same person, etc.

This proves that the words given in the form in the statute, and omitted in the certificate under consideration, are matters of form and not of substance, and may be omitted without violating the certificate.

But it is said that this Court, in a late case, has decided this matter adversely to the views above expressed. Such does not appear to me to be the extent of that decision.

The word omitted in the certificate was "known," and the Court say, and truly, that the word "believed" might as well be asserted as the word "known" to fill up the ellipsis. As the certificate then stood, there was no positve statement of the personal appearance of the grantor before the notary.

In this case, however, there is no doubt or ambiguity. The statement is direct, ample, positive; no words of doubt or ellipsis amounting to that, and no words could make it more positive.

*Edwards & English* for Respondents.

It is well established that to constitute notice, an instrument must be recorded in strict compliance with the registry law, and unless so recorded, it is no notice. Story's Eq. Jur., § 404; Shultz *v.* Moore, 1 McLean R., 520; Frost *v.* Beekman, 1 Johns. Ch. R., 300; McNeil *v.* Magee, 5 Mason, 244.

The Kelsey mortgage, as transcribed upon the record, was no notice—it was the same as not recorded.

In this position we are sustained by the decision of this Court in the case of Wolf *v.* Fogarty, at the July term, 1856.

Murray, C. J., delivered the opinion of the Court—Terry, J., concurring.

This was an action of ejectment. The evidence shows that on the 17th June, 1850, Edward J. Willis was in possession of the land in dispute, claiming it by title in himself, and that on the same day he mortgaged it to one Perry Keith; that on the 1st day of August, 1850, Willis executed a second mortgage to Charles Kelsey; Kelsey's mortgage was recorded on the 5th of August, 1850, and Keith's on the 16th of October, 1850. The acknowledgment of the mortgage to Kelsey does not state that Willis, the mortgagor, was either personally known to the officer to be the person who signed the same, or that the same was proved to the satisfaction of the officer. The defendants purchased under a foreclosure and sale of the Keith mortgage, the plaintiff under a mortgage to Kelsey.

The only question which arises upon this state of facts is, which mortgage was first duly recorded, if the defendants, then the legal title is in them, and the plaintiff cannot recover.

Our statute has provided what shall constitute the essentials of an acknowledgment, without which a deed or conveyance affecting lands is not entitled to record, and if recorded, imports

no notice whatever, and is as worthless for the purpose of notice as if it had never been transcribed on the books of the officer   The acknowledgment of the mortgage to Kelsey is not sufficient in form or substance, and imported no notice to Dunlap. See Wolf v. Fogarty, July Term, 1856.

This, we think, disposes of the whole case, and renders it unnecessary to pass formally upon the other assignments of error, as we are satisfied from an examination, that the rulings of the Court below were correct, and that the regularity of the sale by the sheriff to Dunlap cannot be inquired into by a stranger, or impeached in a collateral proceeding.

Judgment affirmed.