[L. A. No. 1130.   Department Two.—December 23, 1901.]

## GEORGIA MIDDLECOFF, Administratrix, etc., Appellant, v. C. S. HEMSTREET et al., Respondents.

MORTGAGE—ACKNOWLEDGMENT—LIMITED POWER OF JUSTICE OF THE PEACE—RECORD—CONSTRUCTIVE NOTICE NOT GIVEN.—A justice of the peace has no power to take an acknowledgment outside of the county which limits his territorial jurisdiction; and the acknowledgment of a mortgage taken by a justice of the peace of the proper county, but having its venue laid in another county, and purporting to certify that it was taken before him at his office in such other county, and that the certificate was there made, shows on its face that the acknowledgment was taken outside of his territorial jurisdiction. The record of such mortgage in the county where the property was situated, and in which such justice in fact had jurisdiction, will not impart constructive notice of the mortgage.

ID.—PURPOSE OF VENUE OF CERTIFICATE.—The purpose of the venue of an official certificate is to show that the official act is done within the territorial jurisdiction of the officer.

ID.—CERTIFICATE OF JUSTICE OF ANOTHER COUNTY—CERTIFICATE OF COUNTY CLERK.—Where a certificate of acknowledgment is taken before the justice of the peace of another county, it must be accompanied by the certificate of the county clerk of that county, as required by section 1194 of the Civil Code, to entitle the instrument to record.

ID.—WORDS PARTLY PRINTED AND PARTLY WRITTEN—EFFECT OF RECORD. —The general rule that, where words are partly printed and partly written, the written words will control inconsistent printed words, can have no application to the question of constructive notice by the record of a mortgage, the record of the certificate of acknowledgment of which cannot show that the certificate was partly printed and partly written.

APPEAL from a judgment of the Superior Court of Riverside County. J. S. Noyes, Judge.

The facts are stated in the opinion.

Louttit & Middlecoff, for Appellant.

Bledsoe & Bledsoe, for Respondents.

HAYNES, C.—This action was brought by the plaintiff, appellant here, to foreclose a mortgage made by defendant C. S. Hemstreet, on April 16, 1896, to Lawrence Middlecoff, since deceased, upon certain lands situated in the county of Riverside, to secure a promissory note of that date for $250, for services to be thereafter rendered, and which mortgage was recorded in the recorder's office of said Riverside County on April 21, 1896. The defendant Emily Hemstreet is the wife of said mortgagor; and three days after said mortgage was recorded she filed a declaration of homestead upon the same lands described in said mortgage, for the benefit of herself and husband. The court found in favor of the plaintiff, against the defendant C. S. Hemstreet, for the amount due upon the promissory note, but held that the mortgage was invalid as against the homestead, because of the insufficiency of the certificate of acknowledgment to entitle the mortgage to be recorded. No question is made as to the validity of the homestead, except as against the mortgage, nor as to the sufficiency of the findings to support the judgment. The only question discussed and to be decided is whether the certificate of the acknowledgment of said mortgage was such as to entitle it to be recorded. If it was, Mrs. Hemstreet had constructive notice of the existence of the mortgage when she filed her declaration of homestead, and if it was not sufficient, she had no notice, either actual or constructive, of its existence.

The mortgage describes the property mortgaged as situated in the county of Riverside, and the certificate of acknowledgment, as set out in the findings, is as follows:—

"State of California, County of San Diego, ss.

"On this 16th day of April, one thousand eight hundred and ninety-six, before me, J. W. Ryan, a justice of the peace of the township of San Jacinto, in said county, residing

therein, duly commissioned and sworn, personally appeared C. S. Hemstreet, known to me to be the person described in, and whose name is subscribed to, the within instrument, and he acknowledged to me that he executed the same.

"In witness whereof, I have hereunto set my hand and affixed my official seal, at my office in the county of San Diego, the day and year first above written.

"J. W. RYAN,

"Justice of the Peace, San Jacinto Township,
"County of Riverside, State of California."

The body of the mortgage described the mortgaged premises as situated in the county of Riverside, but that fact does not even tend to show where the acknowledgment was taken or certified. The acknowledgment would be quite as valid if taken and properly certified before an authorized officer in another county or state.

It appears from the bill of exceptions that it was proved, over the objection of defendants, that the original certificate consists partly of printed form and partly of written words; that the words "San Diego" wherever they appear therein are printed, and the words "Riverside" and "San Jacinto Township," wherever they appear, are written; and that the certificate, as recorded in the recorder's office, is entirely in writing, and does not show that any part of the original was printed.

Upon the face of the original certificate it appears that Ryan was a justice of the peace in Riverside County, and that he took and certified the acknowledgment in San Diego County. The venue is laid in that county. "The purpose of the venue to an official certificate is to show that the official act is done within the territorial jurisdiction of the officer." (*Roussain v. Norton,* 53 Minn. 563; Black's Law Dictionary, title "Venue.") He certifies that Hemstreet appeared before him "in said county," and the *in testimonium* clause certifies that it was done at his office "in the county of San Diego," and subscribes himself as "Justice of the Peace of San Jacinto Township, County of Riverside."

Section 179 of the Code of Civil Procedure limits the territorial jurisdiction of a justice of the peace to take and certify acknowledgments to his county. Even if it were possible to

conclude that Ryan was a justice of the peace of San Diego County, his certificate was not accompanied by the certificate of the county clerk of that county, required by section 1194 of the Civil Code, and the mortgage in such case was not entitled to record in Riverside County.

In *Emeric* v. *Alvarado,* 90 Cal. 477 et seq., the requirements of the Civil Code in regard to certificates of acknowledgments are quite fully considered, and as to the certificate there under consideration it was said: "Now, the certificate of acknowledgment to the said deed to Patrick commences as follows: 'State of California, City and County of San Francisco,—ss. On this eighth day of December, A. D. 1879, before me, H. I. Tillotson, a notary public in and for *said city and county.*' It is signed 'H. I. Tillotson, Notary Public.' At the end of the certificate he says he has hereunto 'affixed my official seal,' and he attaches a seal, as follows: "Seal. H. I. Tillotson, Notary Public, Contra Costa County." It was held in that case that the material statements in the certificate were not true, and that it was not sufficient on its face; and in the same case (p. 462), speaking of the title of another portion of the San Pablo Rancho, it was said: "We think the certificate of acknowledgment of the deed from Gabriel Castro and wife to Acosta is fatally defective. It commences as follows: 'Be it remembered, that on the fifteenth day of November, A. D. 1851, before me, Gustavus Harper, one of the justices of the peace in and for said . . . came the above-named,' etc., and it is signed 'Gustavus Harper, J. P.' This certificate shows neither venue nor jurisdiction."

Appellant cites section 1862 of the Code of Civil Procedure, which provides: "When an instrument consists partly of written words and partly of a printed form, and the two are inconsistent, the former controls the latter," and argues that, as the signature of the justice is followed by the written statement that he is a "Justice of the Peace of San Jacinto Township, County of Riverside," that we must read "Riverside County" wherever "San Diego County" occurs in the certificate. But it may be true that he is a justice of the peace of Riverside County, and that he took and certified this acknowledgment in San Diego County, believing that he had jurisdiction to do so. These two facts, as such, are not inconsistent.

But said section of the code is not applicable here, and appellant's argument based thereon conclusively sustains respondents' contention, since it shows that if the whole of the certificate had been in the handwriting of the justice, the only possible conclusion would be that the acknowledgment was taken in San Diego County, by a justice of the peace of Riverside County, and hence outside of his territorial jurisdiction. The record of the mortgage in the recorder's office is entirely in writing, and therefore does not show the facts from which counsel infer, under the provisions of said section 1862 of the Code of Civil Procedure, that the acknowledgment was taken and certified in Riverside County. The only purpose of the acknowledgment is to enable it to be recorded as a notice to others of the fact and date of the lien. The acknowledgment adds nothing to its validity or effect as between the parties, and it is the *record,* not the original certificate, that operates as notice. The record cannot show that the certificate "consists partly of written words and partly of printed form." The record must be made "in large and well-bound books, in a fair hand." (Pol. Code, sec. 4235.)

It is said by counsel for appellant that the words "San Diego" are not necessary to the validity and legality of the certificate, (citing Proffatt on Notaries, sec. 45, p. 81). The author, however, begins said section by saying that "there is a difference in the decisions as to the place appearing in the certificate where the acknowledgment is made. This arises from the statutes in some states giving a limited jurisdiction to certain officers." It results that decisions in other jurisdictions cannot be properly estimated without an examination of the statutes of the state where the decision is made, and, in view of our statute and the prior decisions of this court, we deem it unnecessary to make such examination. The case of *Blythe* v. *Houston,* 46 Tex. 65, appears to be in point, but is in direct conflict with the case of *Emeric* v. *Alvarado,* 90 Cal. 478, hereinbefore cited.

*Luffborough* v. *Parker,* 12 Serg. & R. 48, we think was correctly decided, but is broadly distinguishable from the case at bar, as is also the case of *Carpenter* v. *Dexter,* 8 Wall. 513, also cited by appellant. In *Touchard* v. *Crow,* 20 Cal. 150,[1] the

[1] 81 Am. Dec. 108.

certificate of acknowledgment was in form correct, and the only question touching its validity was whether a deputy county clerk had power to take and certify it.

I advise that the judgment be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          McFarland, J., Temple, J., Henshaw, J.