[Civ. No. 16706. Second Dist., Div. Two. Oct. 6, 1948.]

FREDERICK G. STOEHR, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JAQUES BRAUNSTEIN, Real Party in Interest.

Frederick G. Stoehr, in pro. per., for Petitioner.

Harold W. Kennedy, County Counsel, and James A. Cobey, Deputy County Counsel, for Respondent.

George I. Devor and Norman Newmark for Real Party in Interest.

McCOMB, J.—Petitioner seeks a writ of prohibition to restrain respondent from refusing to release certain mortgaged property held by the sheriff pursuant to a writ of attachment.

#### CHRONOLOGY

(1) On January 9, 1948, Southwest Products Company executed and delivered to petitioner a chattel mortgage securing payment to petitioner of the sum of $13,930.

(2) On July 12, 1948, Southwest Products Company executed and delivered to petitioner another chattel mortgage securing payment to petitioner of an additional sum of $49,000.

(3) On August 10, 1948, the Sheriff of Los Angeles County levied upon and took possession of the property described in the chattel mortgages by virtue of a writ of attachment issued in an action entitled *Braunstein* v. *Southwest Products Company.*

(4) On August 11, 1948, petitioner presented to the Sheriff of Los Angeles County a verified notice, statement and demand in writing, notifying the sheriff that petitioner was the mortgagee of the property so levied upon by him, and that the indebtedness was $51,735.77 plus interest, and further demanding payment of said indebtedness or the release of the property.

(5) On August 16, 1948, respondent made an order directing the sheriff not to release the property which he had levied upon, and at the same time set petitioner's alleged third party claim for hearing on September 2, 1948. Pursuant to this order the sheriff has refused to release the property described in the mortgage.

(6) Plaintiff in the action of *Braunstein* v. *Southwest Products Company* has not paid to petitioner, nor has he deposited with the sheriff, the amount of the indebtedness

plus interest due petitioner, and he has not deposited the amount thereof with either the county clerk or treasurer payable to the order of petitioner (mortgagee). Likewise plaintiff has not presented a verified statement to the sheriff that the mortgage is void or invalid and delivered a good and sufficient undertaking in double the amount of indebtedness claimed by petitioner (mortgagee).

### QUESTION PRESENTED FOR DETERMINATION

*In view of the foregoing facts, was the order of respondent of August 16, 1948, erroneous?*

This question must be answered in the affirmative. Section 689b, Code of Civil Procedure, provides that within five days after the sheriff has taken possession of mortgaged property pursuant to a writ of attachment, he shall make demand on the plaintiff for the amount of the debt and interest due the mortgagee, which amount the plaintiff (1) shall deposit with the sheriff within five days after receipt of such demand, (2) shall deliver such amount to the county clerk or treasurer, payable to the order of the mortgagee, or (3) if the attaching creditor presents to the sheriff a verified statement that the mortgage is void or invalid for reasons therein specified, he must deliver to such officer a good and sufficient undertaking in double the amount of indebtedness claimed by the mortgagee or in a sum equal to double the value of the personal property. Otherwise the sheriff must release the attached property.

In the instant case the plaintiff has failed to meet any one of the foregoing requirements. Therefore it is the duty of the sheriff to release the attached mortgaged property. The trial court's order directing the sheriff to retain the property in his custody was erroneous.

There is no merit in respondent's contention that section 689 of the Code of Civil Procedure is applicable to the present case. The facts here are governed by the specific provisions of section 689b of the Code of Civil Procedure. Neither is there any merit in respondent's contention that not all of the property located in the plant of the mortgagor and levied upon by the sheriff was subject to petitioner's mortgage. The mortgage of July 12, 1948, provided in part as follows:

"The following items are subject to an unpaid principal balance of One Thousand Dollars ($1000.00) secured by a chattel mortgage on said items to Brooks Gifford, dated April

20, 1948; 1 Gisholt Turret Lathe, Serial No. 2812-2; I Auto-matic Screw Machine, B & S, No. 2-G, Serial # 13890.

"All tools, dies, machinery and equipment used by the Mortgagor or located in the plant of the mortgagor, and all replacements thereof and additions thereto made or acquired by the Mortgagor, it being the intent hereof to mortgage to the mortgagee the entire plant, machinery, equipment, furniture, tools and dies of the mortgagor, whether herein specifically enumerated or not, as additional security for the payment to the mortgagee of all promissory notes by the mortgagor to Frederick G. Stoehr and to Frederick G. Stoehr as Trustee, . . ."

Clearly all property of the mortgagor located in its plant was covered by the foregoing clause in the mortgage. (See *Wood* v. *U. S. Fid. & Guar. Co.*, 143 F. 424, 425.)

It is ordered that a premptory writ of prohibition issue as prayed.

Moore, P. J., and Wilson, J., concurred.