[Civ. No. 171.   Fifth Dist.   Dec. 27, 1962.]

SECURITY FIRST NATIONAL BANK, Plaintiff and Appellant, v. ROBERT H. HADEN, Defendant and Respondent.

Miles, Sears & Franson and Donald R. Franson for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

CONLEY, P. J.—The plaintiff, Security First National Bank, a national banking corporation, appeals from a judgment of the superior court in favor of the defendant. The plaintiff filed an action for the recovery of a Model LU-2 Boxmaster, commonly called a box-making or nailing machine of the alleged value of $2,200 to which it claimed title by reason of a sale under a chattel mortgage which it had held on the property to secure a note of the former owners, John E. Spomer and Katherine J. Spomer.

The trial court held that title to the machinery was in the defendant and respondent, who had acquired the nailing machine as a fee for future services in the bankruptcy court through a purported transfer of title to him by the Spomers. The court also held that Mr. Haden was a bona fide purchaser for value and that the description of the machine in the chattel mortgage was not sufficient under the law.

The respondent in this case did not file a brief within 30 days after the filing of appellant's opening brief, as required by rule 16 of the California Rules of Court.* Accordingly, pursuant to rule 17(b),† the clerk notified the parties by mail that the case would be submitted for decision on the record and appellant's opening brief unless respondent's brief should be filed within 30 days after the date of the mailing of the

---

*Formerly Rules on Appeal, rule 16.
†Formerly Rules on Appeal, rule 17(b).

notification or unless good cause were shown for relief. The respondent did not file his brief within the additional period; he offered no excuse for his default and did not ask for additional time; the appellant did not request oral argument, and the cause was accordingly ordered submitted.

The facts of the case are briefly as follows: in the year 1959 the plaintiff, through its Visalia branch, advanced the sum of approximately $28,000 to John Spomer and his wife, for use as operating capital in their fruit packing business situated on North Alta Avenue at Dinuba, Tulare County, California. Originally this was an unsecured loan which was to be repaid by December 15, 1959. The loan was not paid on the due date, and on January 7, 1960, the obligation was extended to January 15, 1960, to be paid out of crop monies which it was hoped would be received by the Spomers by that date. Again, they failed to meet their obligation when due, and the plaintiff thereupon requested security for the outstanding loan. On March 15, 1960, John Spomer wrote a letter to the bank offering to pledge all of his packing house property, buildings and equipment as security for the monies owed. On March 29, 1960, the Spomers signed a promissory note in the sum of $28,000 in favor of plaintiff and executed, acknowledged and delivered to plaintiff a chattel mortgage covering all of their office and packing shed equipment. The note was predated to January 15, 1960, in order to include interest on the outstanding obligation from that day, and according to its terms it was to be paid on or before July 15, 1960. The chattel mortgage was duly recorded by plaintiff in Tulare County on March 30, 1960.

The mortgage contained this all-inclusive or "catch-all" clause: "All of the furniture, furnishings, fixtures, machinery, equipment, livestock and personal property of every kind and nature, now or hereafter owned by the mortgagor or in which mortgagor may have or may hereafter acquire any interest and now or hereafter located at, upon or about or located in or attached to the buildings on real property known as 345 North Alta Avenue, in the City of Dinuba, County of Tulare, State of California."

The mortgage provided: "Without in anywise limiting the generality of the foregoing description of said personal property it shall specifically include the following: [listing specifically described office and packing shed equipment]."

At the trial Mr. Spomer testified that the address set forth

in the chattel mortgage, "345 North Alta Avenue in the City of Dinuba, County of Tulare, State of California," was defective as to the street number, but that his packing house was in fact located on North Alta Avenue in the unincorporated area immediately outside of the City of Dinuba, in Tulare County. He admitted that at the time of the execution of the mortgage he intended to cover all of the equipment located at his office and packing shed at Dinuba, California, and that he operated only the one place of business.

At the time of the execution of the mortgage there was included in the equipment located in the packing shed the nailing machine which is the subject of the present suit; it is a Model LU-2 Boxmaster with 14 chucks and head feed; it had been regularly used in connection with the operations there. The machine had been purchased for cash by Spomer several years before, and it was unencumbered by any other mortgage or lien. It was used by the Spomers as part of their packing house operations during the 1959 crop year and remained on the premises until removed by the defendant under the circumstances hereinafter described.

On July 15, 1960, the Spomers were in default with respect to the note and remained so on January 17, 1961, when a written notice of default, together with a demand for payment and notice of sale under pledge was mailed by plaintiff to the Spomers. The date, time and place of the sale were fixed for January 27, 1961, at 10 a. m. at the Spomers' packing shed premises, and a notice of the sale was posted on January 19, 1961, in three places, including the packing house premises, as required by law. The notice of pledge sale referred to the chattel mortgage and to the property covered thereby.

After the notice of sale was given and posted and prior to January 27, 1961, the defendant removed the nailing machine with the consent of the Spomers, but without the acquiescence of the plaintiff, and placed it in storage on his ranch in Merced County. The defendant honestly stated the facts leading up to the removal and concerning his knowledge of all details of the security transaction; he testified that before removing the nailing machinery he had read the posted notice of sale, and was thoroughly familiar with the provisions of the chattel mortgage and of the status of the chattels located on the Spomer premises. He testified that Spomer transferred the machine to him as a fee for legal services to be rendered in contemplated bankruptcy proceedings. He also talked with officers of the bank before removing the nailing machine and

told them that he intended to take the chattel based on his theory that it was not covered by the mortgage.

On January 27, 1961, the sale was conducted at the premises in accordance with the notice. At that time an announcement was made that the various chattels present in the packing house and the nailing machine located on the defendant's ranch in Merced County were being sold. The mortgage provided that the sale could be made ". . . with or without having said property at the place of sale, and upon terms and in such manner as Mortgagee may determine, and Mortgagee may purchase same at such sale." The bank bid in all of the property for the sum of $150 and later sold it except the box nailing machine to a private person for the sum of $100.

The plaintiff's appraiser testified at the trial that the minimum wholesale value of the nailing machine on November 22, 1960, was $2,200. There was other evidence which indicated that it may have had a lower value.

The trial judge filed findings of fact and conclusions of law in which he determined that the nailing machine was not subject to the mortgage because it was not specifically described as one of the items covered by the security transaction and further that the defendant was a bona fide purchaser for value with a superior right to the chattel as against the plaintiff. Judgment was entered for the defendant.

We conclude, after a thorough examination of the record, that the chattel mortgage was good as between the parties to the document; that Robert H. Haden, attorney for the mortgagors, had full notice of the fact that the mortgage covered the chattel in question, that he was bound by the terms of the mortgage and was in no sense a bona fide purchaser for value.

As is said in 1 Witkin, Summary of California Law, Security Transactions in Personal Property, section 44, page 677, with respect to the form of a chattel mortgage: "The property must be described (C.C. 2956). The purpose of the requirement of description is to protect third parties, and it is sufficiently definite if it furnishes a reasonable basis for identification, even though it is not specific enough fully to identify the property by itself."

In *United Bank & Trust Co.* v. *Powers,* 89 Cal.App. 690, 699 [265 P. 403], it is said: "The rule is well settled that where a chattel mortgage of record contains a sufficient description, which, by putting parties upon inquiry, will enable them to identify and ascertain the property mortgaged, the mortgage will not be held void for uncertainty (Jones on

Chattel Mortgages, sec. 64; 5 Cal.Jur., p. 54), where it is stated that a description of property is sufficient if it is such as to enable third parties, by inquiry, to identify the property covered by it. Or, as said in Cobbey on Chattel Mortgages, section 170: 'A description which will enable third persons to identify the property, aided by inquiries which the mortgage itself indicates and directs, is sufficient.' "

A "catch-all" or inclusive phrase describing all property in a certain home or industrial plant is, generally speaking, a sufficient description. In this connection, in the case of *Stoehr* v. *Superior Court,* 87 Cal.App.2d 850, 853 [197 P.2d 779], Mr. Justice McComb said with respect to the following description of personal property:

" 'All tools, dies, machinery and equipment used by the Mortgagor or located in the plant of the mortgagor, and all replacements thereof and additions thereto made or acquired by the Mortgagor, it being the intent hereof to mortgage to the Mortgagee the entire plant, machinery, equipment, furniture, tools and dies of the mortgagor, whether herein specifically enumerated or not, as additional security for the payment to the mortgagee of all promissory notes by the mortgagor. . . .'

"Clearly, all property of the mortgagor located in its plant was covered by the foregoing clause in the mortgage."

In *Pacific States Sav. & Loan Co.* v. *Hoffman,* 134 Cal.App. 604, 606 [25 P.2d 1007], the court held that the following description was sufficient to make the chattel mortgage in question valid: ". . . all that certain personal property situated and described as furniture and furnishings contained in the property situate on the northeast corner of Grace and Franklin Avenues, Los Angeles, California."

A comprehensive treatment of this question is contained in *Pace* v. *Threewit,* 31 Cal.App.2d 509 [88 P.2d 247]; although the court held in that case that a portion of the description of cotton land was too general and therefore void, the treatment of the subject shows that the description of the chattels in the present mortgage is sufficient.

In *Bumb* v. *McIntyre,* 277 F.2d 647, 651, it is said: "The authorities discussing the requirements of a property description in a mortgage all indicate that the description may be 'aided by inquiries which the instrument itself suggests,' *Pace* v. *Threewit, supra* [31 Cal.App.2d 509], *Witt* v. *Milton,* 147 Cal.App.2d 554 [305 P.2d 944]. The Court in *Pacific Natural Agricultural Credit Corp.* v. *Wilbur,* 2 Cal.2d 576

[42 P.2d 314, 320], quotes 11 C.J. 457, as follows: 'As against third persons the description in the mortgage must point out the subject-matter so that such persons may identify the chattels covered, but it is not essential that the description be so specific that the property may be identified by it alone, if such description suggests inquiries or means of identification which, if pursued, will disclose the property covered.' See also 14 C.J.S. Chattel Mortgages § 57.''

The fact that there was an error in the street number does not invalidate the mortgage in the circumstances of this case. The mortgagors had only one packing house. It was located near the city limits of Dinuba on the avenue in question, and the slightest inquiry directed to anyone in the vicinity would have permitted the inquirer to locate the property definitely and quickly.

Furthermore, the record in this case shows that Mr. Haden, attorney for the Spomers, knew exactly where the property was located and that the chattel mortgage covered all of the equipment in the building. It is a rule of common sense that minor errors or irregularities of various kinds in the execution of a chattel mortgage do not invalidate the mortgage as between the parties to it or ''. . . persons who, before parting with value, have actual notice thereof.'' Civil Code section 2973 expressly sets up this salutary rule. (See also *A. Paladini* v. *Durchman,* 216 Cal. 212, 215 [13 P.2d 731]; *McRae* v. *Lackman,* 8 Cal.App. 241 [96 P. 505]; *Farmers Exch. Bank* v. *Purdy,* 130 Cal. 455, 457 [62 P. 738]; *Pacific States Corp* v. *Pan-American Bank of California,* 213 Cal. 58, 63 [1 P.2d 4, 981].) Defendant frankly testified that he knew the terms of the mortgage and the arrangements for the sale and that he was fully informed of all facts relating to the situation by conferences with his clients and the bank officials. He was not a bona fide purchaser for value. On the contrary, he was bound just as much as his clients by the terms of the mortgage, and although he acted in good faith on an honest but mistaken view of the law, he did not acquire title to the nailing machine. Plaintiff and appellant is the owner of the Model LU-2 Boxmaster. There is no finding by the court as to the alternative value of the machine, and as that is one of the issues, the case will have to be retried.

The judgment is reversed.

Brown, J., and Stone, J., concurred.