In the Matter of AEROCOLOR, INC., dba Aero Press Co., a corporation, Bankrupt.

No. 166798.

United States District Court
S. D. California,
Central Division.

Sept. 15, 1964.

Cosgrove, Cramer, Rindge & Barnum, Los Angeles, Cal., for petitioner.

Flaxman & Coleman, Los Angeles, Cal., for trustee.

CURTIS, District Judge.

This is a petition for review of a decision of the Referee in Bankruptcy declaring certain chattel mortgages executed by the bankrupt to be void as against creditors upon grounds which we shall presently consider.

The petitioner, Crocker-Citizens National Bank, first petitioned the Referee for leave to exercise a power of sale under two chattel mortgages executed by the bankrupt in its favor, referred to respectively as Aerocolor mortgage and the

Web Offset mortgage, as security for a loan of $200,000 and as further security for advances thereafter to be made. The petitioner's claim against the bankrupt estate now approximates $500,000. The chattels were sold by the trustee pursuant to stipulation, and, after having paid from proceeds thereof claims of certain conditional vendors, there remains approximately $70,000, which it is conceded should be paid to the petitioner if the chattel mortgages are found to be valid.

According to the certificate of the Referee, the questions thus raised are:

1. Whether the chattel mortgages are void as against creditors because of lack of proper acknowledgment.

2. Whether the bankrupt was a manufacturer or a retail or wholesale merchant, or whether the bankrupt was engaged in a dual operation for purposes of the application of § 3440.1 of the California Civil Code.

3. Whether the validity of the chattel mortgages is affected by the recordation thereof 15 minutes prior to the time specified on the notice of intention to execute the chattel mortgages.

4. Are the descriptions of the mortgaged property, attached to the chattel mortgages, sufficient?

It is conceded that the chattel mortgages have attached thereto acknowledgments valid on their faces. But it is further conceded that the President and Secretary of the mortgagors, whose signatures were affixed, did not in fact personally appear before the notary public.

It is well settled in California that an acknowledgment not taken in substantial compliance with the applicable statute is fatally defective and the instrument is treated as if not acknowledged at all. 1 Cal.Jur.2d 482. Kelsey v. Dunlap, 7 Cal. 160; Bryan v. Ramirez, 8 Cal. 461; Barrett v. Tewksbury, 9 Cal. 13; Fogarty v. Finlay, 10 Cal. 239; Kennedy v. Gloster, 98 Cal. 143, 32 P. 941; Merced Bank v. Rosenthal, 99 Cal. 39, 31 P. 849, 33 P. 732; Le Mesnager v. Hamilton, 101 Cal. 532, 35 P. 1054; Lee v. Murphy, 119 Cal. 364, 51 P. 549; Murray v. Tulare Irr. Co., 120 Cal. 311, 49 P. 563, 52 P. 586; Rolando v. Everett, 72 Cal.App. 2d 629, 165 P.2d 33.

It is also well settled that for a valid acknowledgment, the person whose acknowledgment is to be taken must appear personally before the certifying officer for the purpose of acknowledging the instrument. Le Mesnager v. Hamilton (1894) 101 Cal. 532, 35 P. 1054; Montgomery v. Bank of America (1948) 85 Cal.App.2d 559, 193 P.2d 475; Burck v. Buchen (1941) 46 Cal.App.2d 741, 116 P.2d 958.

"When the purpose of an acknowledgement is merely to entitle the instrument to be recorded or registered, a defectively acknowledged instrument is not entitled to be recorded, and if actually recorded, it imparts no notice whatever, being as worthless for the purpose of notice as if never transcribed on the books of the recording officer." 1 Cal.Jur.2d 483. Hastings v. Vaughn, 5 Cal. 315; Wolf v. Fogarty, 6 Cal. 224; Kelsey v. Dunlap, 7 Cal. 160; Bryan v. Ramirez, 8 Cal. 461; Fogarty v. Finlay, 10 Cal. 239; Hurlbutt v. Butenop, 27 Cal. 50; McMinn v. O'Connor, 27 Cal. 238; Middlecoff v. Hemstreet, 135 Cal. 173, 67 P. 768.

To have such an effect, however, the defect must be apparent on the face of the certificate. 1 Cal.Jur.2d Merced Bank v. Rosenthal (1893) 99 Cal. 39, 31 P. 849; Lee v. Murphy (1897) 119 Cal. 364, 51 P. 549; Overton v. Harband (1935) 6 Cal. App.2d 455, 44 P.2d 484.

This exception to the general rule was first mentioned in the case of Merced Bank v. Rosenthal, supra, where the court said:

"Where the only effect of the acknowledgment is to impart notice by recording the deed, it would seem that to be void it [defect] must appear on the face of the instrument."

In Overton v. Harband, supra, the court said:

"There is no question as to the general rule that a party to the instrument is disqualified to take the acknowledgments. This rule is established by the authorities, such as the case of Lee v. Murphy, 119 Cal. 364, 368, 51 P. 549, 955, cited by respondents, but when the only effect of the acknowledgment is to impart notice, as in the instant case, the disqualification must appear on the face of the instrument. This exception to the general rule is recognized in Lee v. Murphy, supra, and in Merced Bank v. Rosenthal, 99 Cal. 39, 31 P. 849, 33 P. 732."

Admittedly, the authorities in California in support of the exception are few and weak, but the courts have never had occasion to rule with greater force upon it. These cases, I believe, are sufficient to indicate that if the courts of California were to rule upon the point, they would uphold, under such circumstances, an acknowledgment valid on its face, even though subject to a latent defect. This appears to be the majority rule.

A recent article in 59 A.L.R.2d 1299 summarizes the rule as follows:

"If a statute requires that an instrument, before it shall be recorded, shall be acknowledged, and there is either no acknowledgment or a purported acknowledgment is defective in such a way as to render the instrument ineligible for recordation, the general rule is that if it is nevertheless recorded the recordation does not impart constructive notice to anyone of its existence or contents. *An exception to this, as developed by most courts, is that where such a defect is not apparent on the face of the record the recordation of an instrument so defectively acknowledged but bearing a certificate of acknowledgment in lawful form imparts constructive notice thereof to third persons not having actual notice of the defect.*"

"The general rule, as established by the numerical weight of authority, is that a defect in the acknowledgment of an instrument required for recordation, which is not apparent on the face of the instrument, as acknowledged, does not prevent the recordation from being constructive notice to persons who may be affected by the transaction recorded." 59 A.L.R.2d 1316.

The theory behind the exception to the general rule was expressed in the case of Boswell v. First National Bank of Laramie, 16 Wyo. 161, 92 P. 624.

"Where, however, the infirmity is not apparent upon the face of the deed or instrument or certificate of acknowledgment, but the acknowledgment appears to be fair and regular and to have been properly taken, and the instrument is one which would not be invalidated as between the parties to it by a defective acknowledgment, the recording of the instrument in the proper office will operate as constructive notice thereof, notwithstanding the latent defect. This rule is sustained by abundant authority and is founded upon public policy, to carry out the purpose of the recording acts and preserve the reliability of the public records of transfers and conveyances. It is readily to be seen that a contrary rule would render unsafe any reliance upon the record of deeds or instruments requiring acknowledgment to entitle them to be recorded. It is clearly not incumbent upon the recording officer to enter upon an extrinsic investigation, before receiving for record an instrument regular on its face, to discover whether the acknowledging officer was in fact disqualified because of interest. So far as the defect now being considered is concerned, if upon the face thereof the instrument is recordable, and it is in fact recorded, the record should be held constructive notice to subsequent pur-

chasers and others chargeable with record notice."

This exception to the general rule has also been applied in the case of chattel mortgages and in favor of the mortgagee thereof. Stockmen's National Bank of Casper v. Lukis Candy Co., 47 Wyo. 127, 33 P.2d 254.

■ I conclude, therefore, that the Referee erred in holding that the chattel mortgages were void as against creditors.

The Referee found that the consideration for the chattel mortgages and the delivery of the chattel mortgages were not in accordance with the provision of § 3440.1 of the California Civil Code in that the mortgages were recorded 15 minutes prior to the time designated in the notices of intention to mortgage.

The record does not reveal just when the consideration was paid or when the chattel mortgages were actually delivered. All it does show is that the chattel mortgages were recorded 15 minutes before the time designated in the notices.

■■ In the absence of any showing of prejudice on the part of any creditor, I conclude that there has been a substantial compliance with § 3440.1 of the California Civil Code. In the absence of a further showing as to the time at which the consideration changed hands, the presumption of validity should support this holding. The object of this section in the Civil Code is to furnish creditors of the intended mortgagor a period of at least 10 days within which to levy attachment or execution on the property to be mortgaged and to garnishee or levy on the proceeds of the mortgage in the event payment is not met on the claims presented. There is no showing that the premature recordation of the chattel mortgages has in any way frustrated the object of the statute or prejudiced the rights of the creditors. In view of this conclusion it becomes unnecessary to decide whether the bankrupt was engaged in business as a manufacturer or a retail merchant.

■ And finally the Referee found that the descriptions contained in the chattel mortgages of Aerocolor, Inc. are insufficient as to all the property other than the machinery or equipment readily identified by serial number, etc.

It appears that the chattel mortgages in question failed to specify in the places therein provided the location of the chattels they purport to cover, these spaces being left blank. They do contain, however, the name of the mortgagor, Aerocolor, Inc., doing business as Aero Press, and its address at 4200 West Burbank Boulevard, Burbank, County of Los Angeles. The mortgages further contain the clause: "The mortgagor hereby warrants that he is the true and lawful owner of all the property specifically described above; that the same is free of all liens and encumbrances; that he is entitled to the lawful possession thereof; and that *said property is now in his possession on the above described real property*." (Emphasis added)

There is no statutory requirement relating specifically to what type of description should be contained in a chattel mortgage. Such a description is sufficient if it meets the standards of certainty required by any agreement. Property must be so described or designated that the description may, by the aid of extrinsic evidence of surrounding facts and circumstances, be applied to some particular property. 43 Cal.Jur.2d 161. Applicable rules for determining the requisites for a sufficient description to chattel property in a chattel mortgage were discussed in Merced Production Credit Assn. v. Bayer, 222 A.C.A. 869, 873, 35 Cal.Rptr. 511, 513.

"As is said in the leading case of Pacific Nat. Agr. Credit Corp. v. Wilbur, 2 Cal.2d 576, at page 589, 42 P.2d 314 at page 320, quoting from 11 Corpus Juris 457: ' "As against third persons the description in the mortgage must point out the subject-matter so that such persons may identify the chattels covered, but it is not essential that the description be so specific that the property may be identified by it alone, if such description suggests inquiries or means

of identification which, if pursued, will disclose the property covered. This rule is based upon the maxim, that is certain which is capable of being made certain. So a description is sufficient if it may be aided by parol proof and the property covered by the mortgage identified." '

"Genger v. Albers, 90 Cal.App.2d 52, 57, 202 P.2d 569, 572, holds: ' * * no particular method of description is necessary, nor is it essential that the description be sufficient to identify the property without the aid of parol evidence.' and the opinion in Security First Nat. Bank v. Haden, 211 Cal.App.2d, 459, 463–464, 27 Cal.Rptr. 282, 285, states: 'In United Bank & Trust Co. [of California] v. Powers, 8ᵢ˙ Cal.App. 690, 699, 265 P. 403, 406, it is said: "The rule is well settled that where a chattel mortgage of record contains a sufficient description, which, by putting parties upon inquiry, will enable them to identify and ascertain the property mortgaged, the mortgage will not be held void for uncertainty (Jones on Chattel Mortgages, § 64; 5 Cal.Jur., p. 54), where it is stated that a description of property is sufficient if it is such as to enable third parties, by inquiry, to identify the property covered by it. Or, as said in Cobbey on Chattel Mortgages, § 170: 'A description which will enable third persons to identify the property, aided by inquiries which the mortgage itself indicates and directs, is sufficient.' " ' "

The rule is fairly stated in 14 C.J.S. Chattel Mortgages § 64, p. 672–673 as follows:

"As a general rule, the location of the mortgaged property is sufficiently stated if the instrument suggests inquiries which, if pursued, would enable third persons to ascertain the situation thereof at the time of the execution of the mortgage. * * * the location of the property is sufficiently indicated by a recital that the mortgagor is the owner and has possession, and that he resides at a stated place, or where such facts may be reasonably inferred from the entire instrument. It has also been held sufficiently definite that the instrument show that the mortgagor is a resident of a certain county, and that the property is in his possession, or is to remain in his possession, until default in payment."

It seems apparent that an interested party could with little difficulty locate and identify the property described in the mortgage, and I therefore conclude that the description is sufficient.

In view of the foregoing the judgment and order of the Referee of June 18, 1964, is reversed.