NELSON & ROBERTSON PTY., LTD., Appellant

v.

DIOCESE OF PAGO PAGO, Appellee

SHANTILAL BROS., LTD., Appellant

v.

KMST WHOLESALE, INC., et al., Appellee

NELSON & ROBERTSON PTY., LTD., Intervenor/Appellant

High Court of American Samoa
Appellate Division

AP No. 21-90
AP No. 7-91

April 9, 1992

Before RICHMOND, Associate Justice, GOODWIN,* Acting Associate Justice, MUNSON,** Acting Associate Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Appellant Nelson & Robertson, John L. Ward II
For Appellant Shantilal Bros., Gata E. Gurr
For Appellee Diocese of Pago Pago, Charles V. Ala'ilima
For Appellee KMST Wholesale, Togiola T.A. Tulafono

---

\* Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

\*\* Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Mariana Islands, serving by designation of the Secretary of the Interior.

GOODWIN, J.:

This matter comes before the Appellate Division on an appeal consolidated from the Land and Titles Division, LT No. 18-90, and from the Trial Division, CA No. 87-88.

## PROCEDURAL BACKGROUND

The Appellant, Nelson & Robertson, ("N&R"), the Diocese of Pago Pago ("the Diocese") and Shantilal Brothers, Ltd. ("Shantilal") were among the creditors of KMST Wholesale. Shantilal secured a judgment against KMST in the Trial Division for $41,689.76 in December of 1988. Shantilal then secured a writ of execution for its judgment in December of 1989 and proceeded to hold a sale of KMST's inventory. The auction was held in January of 1990. A total of $25,800.00 was recovered.

Meanwhile, in March of 1988, N&R had recorded a chattel mortgage on "all of [KMST's] inventory." The chattel mortgage covered debts owed N&R by KMST in excess of $212,000.00. The mortgage was properly recorded. It purported to mortgage the following property:

(a) Inventory. All of Mortgagor's inventory, including all goods, merchandise, raw materials, goods in process, finished goods, other tangible personalty now owned or hereafter acquired and held for sale or lease, furnished or to be furnished under contracts of service, or used or consumed in the business of Mortgagor.

(b) Equipment, Fixtures, Furniture. All of Mortgagor's furniture, machinery, apparatus, appliances, tools, supplies, materials, trade and other fixtures and equipment, including automotive equipment, now owned or hereafter acquired, together with all substitutions therefore and additions and accessions thereto and parts needed or intended to be used therewith.

(c) Other. All goods, instruments, documents of title, policies and certificates of insurance, securities, deposits and other property owned by

7

Mortgagor or in which it has an interest which are now or may hereafter be in possession or control of Company by documents of title or otherwise.

(d) Proceeds and Products. All proceeds and products of all of the above, including without limitation insurance proceeds and proceeds of condemnation by paramount authority; all of the foregoing described property being hereinafter referred to as the "mortgaged property."

In March of 1990, the Diocese secured a judgment against KMST for $4,400.00. The combined cases pose the question of whether a general chattel mortgage which purports to cover everything a debtor owns is valid against the judgments of Shantilal and the Diocese, both obtained after the mortgage was filed.

The trial court held that the property description in N&R's chattel mortgage did not comply with A.S.C.A. § 27.1510 and so was insufficient as to invalidate the mortgage, thereby making N&R an unsecured, rather than a secured, creditor.

## STANDARD OF REVIEW

Because the trial court's judgment presents a legal question that requires interpretation of law, this Court reviews the issue *de novo*. *In re Daniel*, 771 F.2d 1352, (9th Cir. 1985), *cert. denied* 475 U.S. 1016 (1985).

## DISCUSSION

At issue is the interpretation of American Samoa Code § 27.1510, entitled "Validity of mortgage, bill of sale, etc."[1] That law

---

[1] The text of the law at issue reads:

No mortgage, bill of sale, conditional sales contract, deed of trust or conveyance of personal property which is not accompanied by a personal delivery thereof to the vendee is valid as to persons who do not have actual knowledge thereof unless all of the following conditions are met:

8

requires that there be a "specific description" of the mortgaged property. The trial court held that N&R did not sufficiently identify the mortgaged property. The general description, quoted *supra*, failed under A.S.C.A. § 27.1510.

The decision of the Trial Division was rendered in three parts. First, an Opinion and Order stated that N&R's mortgage did not cover any particular chattel. This was fatal to its security interest because the Court held that this was not "specific."

Later, the Court revisited the issue in an Opinion and Order on Reconsideration. In that Opinion, the Court explained, "while the [above quoted] language is arguably a 'description' of sorts, it certainly does not contain a description of any 'specific' article or articles, as our statute requires." The Court reasoned that the word "specific" required that a description by class did not suffice; the Court said, "[I]ndeed, a reference to 'all' of a general class of things would appear to be the very opposite of a 'description' of a 'specific' thing."

Finally, in an Opinion and Order in the Land and Titles Division, the Court reasoned simply that the mortgage contained no specific description, and so failed as a mortgage.

Appellant argues that to uphold the trial court decisions would effectively eliminate inventory financing in American Samoa. Appellees concede the point and argue that this is the concern of the legislature. The trial court said the statute requires a description of every item covered and only the legislature can rewrite the statute. We agree.

The argument of the Appellant should be addressed to the legislature. So long as every chattel mortgage must specifically describe each item covered, inventory financing is not, as a practical matter, available in American Samoa.

---

(1) it is in writing signed by the person to be bound and attested to by at leas one witness;

(2) it is filed with the territorial registrar within ten days after its execution

(3) it truly states the consideration upon which it was based or the debt o liability which it was intended to secure, and contains a description of th specific article, articles, or land sold or mortgaged.

9

The parties make note of the fact that American Samoa has not adopted the Uniform Commercial Code. Appellant is urging an interpretation of A.S.C.A. § 27.1510 consistent with a UCC interpretation. Appellees argue that the UCC interpretation, if desirable, should be made by the legislature, rather than by this court.

We agree and AFFIRM the judgments challenged by these appeals.

RICHMOND, J., dissenting:

I would reverse the decision of the trial court and remand this case with directions to recognize the validity of the appellant's prior, recorded chattel mortgage with respect to appellees' judgment-creditor status and to accordingly distribute the proceeds of the execution sale of KMST's property.

As the trial court and the majority of this court recognize, their decisions will bring consternation to inventory financing in the Territory unless and until there is corrective legislation. It would be a practical impossibility to update a chattel mortgage with specific descriptions of every item of the inventory of a functioning business every day; as such, chattel mortgages have effectively been eliminated in American Samoa, for the time being. It should not be necessary and is not appropriate to inflict this harsh restriction, however temporary, on business practices in the community.

The majority rule under common-law and pre-Uniform Commercial Code statutes clearly upholds "all" of a certain kind or type of mortgaged personal property as sufficiently specific. A description in this manner in a recorded chattel mortgage, even if inquiries are necessary to fully identify the property, adequately notifies subsequent creditors of the encumbrance. *Security First Nat'l Bank v. Haden*, 211 Cal. App. 2d 459, 27 Cal. Rptr. 282, (1962); *Evans v. Stewart*, 66 N.W.2d 442 (Iowa 1954); *First Nat'l Bank v. First Nat'l Bank*, 106 So. 422 (Fla. 1925); *In re Beede*, 126 F. 853 (N.D.N.Y. 1903); *see also* cases cited in Annotation, *Sufficiency of Description in Chattel Mortgage as Covering All Property of a Particular Kind*, 2 A.L.R.3d 839, 840-51 (1965). For inventory financing, particularly when, as here, "all" of the inventory is mortgaged, the instrument itself does raise the inquiries necessary to discover the exact scope of the mortgage and thus adequately notifies third parties of the mortgage. When subsequent

creditors have actual notice of a prior recorded chattel mortgage, the majority rule is even more universal. Annotation, *supra*, 2 A.L.R.3d at 850-51.

Reversal, in my view, would not violate any principle leaving policy-making to the Legislature. As the court stated in *Bennett v. Green*, 119 S.E. 620, 622 (1923), "[a] general description of this kind is tantamount to a specific description of each unit composing the whole." Such a description of "all" of a particular thing actually makes it *easier* for a subsequent creditor to determine what is mortgaged than if only some (or all) items are specifically described, because a creditor need not determine which of the particular items are mortgaged, and which are not--they all are.

Additionally, the other territorial recording statutes, A.S.C.A. §§ 37.0210 and 37.1002(b), embody the concept of constructive notice through recordation in land-alienation and mortgage transactions. Consistency would indicate a similar legislative intent with respect to inventory and other business financing using personal property as security, but the majority's interpretation makes the description and the notice it affords into a *substantive* requirement that voids the mortgage even between the *parties themselves*. This narrow and crippling construction is unnecessary. Interpreting the statute to permit a mortgage of "all" of a particular thing, such as inventory, is plausible under the statute as it is written, is a much more practical construction of the Legislature's intent, and is more consistent with other territorial recording statutes.

Perhaps those involved in the legislative process will quickly take up the banner of reform.